## EVANS McCRILLIS *v.* F. H. ALLEN.*

### *Fraud. Trover. Practice.*

1. The title to property does not pass when possession is obtained by fraud; thus, the defendant falsely representing himself to be one of a firm of produce commission merchants in Boston. induced the plaintiff to send poultry to said firm to be sold on commission, with the fraudulent purpose of obtaining it without paying for it; *Held*, that the property did not pass, and that trover would lie for the conversion.

2. When the facts are found by the court below, the only purpose of a reference to the evidence, is, to enable the Supreme Court to ascertain whether it supported the facts found.

TROVER for the conversion of poultry. Heard by the court, March Term, 1884, POWERS, J., presiding. Judgment for the plaintiff. The exceptions referred to the testimony, and stated: "The court found that the representations made to the plaintiff by the defendant were false and fraudulent, and were made for the purpose of fraudulently getting possession of the plaintiff's property, without paying therefor; and the consignment to Austin & Co. was a mere scheme to give to the contemplated fraud the form of a bailment in order to accomplish such fraudulent purpose." The defendant did not appear at trial, except by counsel.

It appeared from the plaintiff's evidence, that·he resided in Marshfield; that the defendant drove to his place on the 12th day of December, 1881, and represented himself to be a member of a firm or company of produce commission merchants in Boston, at the same time passing to the plaintiff the company's printed card, which read: "J. N. Austin & Co., Produce Commission Merchants. Hay, butter, poultry," &c. It further appeared that the poultry was sent to said company on the 19th and received on the 21st day of December,

---

* Heard, May Term, 1884.

to be sold on commission. The plaintiff testified concerning the company, among other things, that he heard soon after the poultry was sent, that it "was a *bogus* concern, that they had gone up, failed, and run away."

*John G. Wing*, for the defendant.

There was no evidence to support the findings of the court. The defendant's representations as to his or his firm's responsibility are not actionable. *Fisher* v. *Brown*, 1 Tyl. 387; *Dyer* v. *Tilton*, 23 Vt. 313; *Jude* v. *Woodburn*, 27 Vt. 415; 18 N. Y. 295; 6 Wend. 77; 7 Taun. 59.

*J. P. Lamson*, for the plaintiff.

The evidence was sufficient to support the findings of the court. *Kelton* v. *Leonard*, 54 Vt. 230.

The opinion of the court was delivered by

ROYCE, Ch. J.    The only purpose to be subserved by a reference to the evidence, where the facts are found by the court, is, to enable this court, upon the hearing of the exceptions, to ascertain from an examination of it whether it supported the facts found. We are well satisfied that in this case the court was justified in finding the facts reported upon the evidence; and the findings must be regarded as conclusive.

The only question, then, is, can the plaintiff, upon the facts found, maintain an action of trover? He was induced to part with the possession of his property upon false and fraudulent representations made to him by the defendant, and made for the purpose of fraudulently getting possession of the property without paying therefor; and the consignment of said property to Austin & Co., which the defendant procured the plaintiff to make, was a scheme to give to the contemplated fraud the form of a bailment, in order to accomplish the fraudulent purpose.

Upon such a state of facts we are not inclined to be astute in criticising the form of action adopted by the plaintiff to

recover for the property of which he has been so defrauded; but we think there is abundant authority to sustain this form of action. In the fourth edition of Benjamin on Sales, sec. 433, it is said that where one obtains possession of the goods of another by fraud, no property passes to him from the true owner. The title remains in the owner; and he may maintain replevin to recover the possession, or trover for the conversion. That principle has been recognized and acted upon in this State, in the cases of *Field, Morris & Co.* v. *Stearns*, 42 Vt. 106; *Poor* v. *Woodburn*, 25 Vt. 234; *Fitzsimmons* v. *Joslyn*, 21 Vt. 129, and other cases referred to on page 614 of Roberts' Digest.

There was no error in the judgment of the County Court, and it is affirmed.