ISAAC T. PATERSON *v.* LUMAN H. SMITH, JOHN P. CONNOR AND
EDWARD KILGARLAN.

January Term, 1900.

Present : TAFT, C. J., ROWELL, TYLER, MUNSON, START, and WATSON, JJ.

Opinion filed May 24, 1900.

*Practice in Supreme Court—Discharge in insolvency— V. S. 2071—*Although
new issues cannot be formed in the Supreme Court in a case there on
exceptions, yet, when it appears that in such a case the defendant is
entitled to any benefit from a discharge in insolvency in proceedings
begun after final judgment in the court below, the Supreme Court
will take such action as will give the defendant the benefit of his dis-
charge that V. S. 2071 was intended to secure to him.

*Discharge in insolvency—Effect of discharge upon claims for conversion of
property— V. S. 2074— V. S. 2133—*A claim for the conversion of prop-
erty is provable against the estate in insolvency of the tort-feasor
and, if proved, an action thereon is barred by a discharge. If such
claim is not so proved, an action thereon is not barred, the claim not
being founded on contract.

*Claim based on conversion—Nature of claim not affected by merger in judgment*
—When a claim for the conversion of property is merged in a judgment,
the primary nature of the claim is not changed, and, in respect to the
effect upon it of a discharge in insolvency, it will still be regarded as
resting upon tort and not upon contract.

*Joint judgment for conversion—Discharge in insolvency of one judgment debtor—*
When a judgment has been obtained for the conversion of property
against tort-feasors jointly, proof of the judgment against the estate in
insolvency of one of the defendants, and a discharge granted to him, do
not have the effect of releasing the others.

*The case—Application of the foregoing principles—*In this case, upon a showing
that proceedings in insolvency were begun as to all the defendants,
three in number, after final judgment in the court below, rendered
against them jointly for the conversion of property, and that the judg-
ment had been proved against the estate of one defendant and a divi-
dend thereon paid, the case was as to that defendant ordered to stand
for further consideration. It further appearing that the judgment had
not been proved against the estate of either of the other defendants, it
was ordered that the case be determined as to them upon the excep-
tions, upon the entry, by the plaintiff, of a remittitur for the amount of
the dividend received.

TROVER. Trial by jury, Orleans County, September Term, 1893, *Taft*, J., presiding. Verdict and judgment for the plaintiff. The defendants excepted.

At the January Term, 1894, of the Supreme Court, a stay of proceedings was granted on a motion setting up the filing of petitions in insolvency by the defendants after the rendering of judgment in the County Court. Thereafter the case was continued from term to term and pleas and demurrers were filed as stated in the opinion.

*W. W. Miles* and *John Young* for the plaintiff.
*Bates, May & Simonds* for the defendants.

WATSON, J. This action is trover for the conversion of certain lumber, and judgment was rendered therein against the defendants jointly, at the September Term, 1893, of Orleans County Court, and upon defendants' exceptions the cause came into this court at the October Term following. Subsequently thereto, and while the cause was pending upon the exceptions, the defendants pleaded, severally, a special plea of *puis darrein continuance*, in bar.

The plea of defendant Smith sets forth, in substance, that the cause of action was for the wrongful taking, withholding, and converting of certain lumber by the defendants, and for no other cause of action, and that the judgment rendered in the County Court was based solely upon such wrongful taking, withholding, and converting of said lumber; that on January 23, 1894, the said defendant filed his petition in the Court of Insolvency, therein praying to be adjudged an insolvent, and for the benefits of the law of insolvency, and that he was, by said court, adjudged insolvent; and, in short, that he was granted a discharge by that court on December 28, 1896, from all debts he owed at the time of filing his petition, and from the debt involved in this suit; and praying judgment thereon in the common form.

The plaintiff craved oyer of the record of the list of debts proved, in the the Court of Insolvency, against the estate of the

19

said defendant, and, upon its being granted, demurred generally and specially to the plea. The several pleas of the other defendants were similar, and to Kilgarlan's plea, the plaintiff, in like manner, craved oyer and demurred.

At common law, a plea *puis darrein continuance* must be pleaded at the next term of the court after the new matter of defense arises, and if not thus pleaded, the new matter is waived, and cannot afterwards be pleaded,—Gould's Pl. VI, sec. 124—but by statute, such matter may be pleaded, by leave of court, at a subsequent time. V. S. 1155. Nor, at common law, can the defendant thus plead after verdict found, for all pleading is then at an end—Gould's Pl. VI, sec. 124; 1 Chitty's Pl. 659; and in this regard, the rule is not changed by the provisions of V. S. 1155.

As has been many times said, the Supreme Court is a court of error, and a case can there be heard only upon the questions passed upon by the court below, and brought before it upon exceptions.

New matter of defense properly set forth in a plea *puis darrein continuance*, would be traversable, and, if traversed, evidence not before admissible, and a trial upon the issue thus formed, would be necessary. In the case at bar, a trial was had by jury, and if a trial were to be had upon an issue formed upon this new matter of defense, there is no reason why the parties would not be entitled to a similar trial upon that, also. But new proof cannot be made, nor new facts introduced even by record, in the Supreme Court. *Blake* v. *Tucker*, 12 Vt. 39; *Adams* v. *Gay*, 19 Vt. 358. And for stronger reasons, new issues of fact cannot be formed, and a trial there had upon the merits.

In this same case, 66 Vt. 633, it was held that the provisions of the law that after the filing of a petition in insolvency until the question of discharge has been determined, no creditor, whose debt is provable against the insolvent estate, shall be allowed to prosecute to final judgment a suit therefor, at law or in equity, against the insolvent debtor, and that any such suit shall,

on the application of the debtor, unless he has unreasonably de-
layed seeking a discharge, be stayed to await the determination
of the Court of Insolvency on the question of discharge,—V. S.
2071—were applicable to all provable claims before final judg-
ment, including such claims in suits pending in this court on ex-
ceptions. But the law applied to suits pending in this court is of
no practical benefit to the debtor, unless he can avail himself of
his discharge when granted, in the suit thus stayed. This law
should have practical force within its full scope of application ;
and, although such defense cannot be pleaded after verdict and
while the case is pending in this court on exceptions, the proper
administration of justice requires that a defendant should have
an opportunity to make such defense at any time before the case
passes to final judgment on exceptions; for otherwise, he
might, to that extent, be deprived of the benefits of his dis-
charge. If the debt or claim involved in the suit is such that
his certificate would discharge him therefrom, and he waives his
exceptions, he should be given the benefit of his discharge as soon
as the law will permit in the circumstances of the case.

In *Bank of Bellows Falls* v. *Onion*, 16 Vt. 470, the plaintiff
recovered judgment in the County Court, and the case came be-
fore the Supreme Court upon exceptions by defendant. The
defendant there moved that the judgment be reversed *pro forma*,
and the case remanded to the County Court to enable him to plead
in bar, his discharge in bankruptcy, procured by him subsequent
to the final trial in the County Court. It was held to be a proper
case for the exercise of discretionary powers, and judgment was
reversed *pro forma* that the defendant might plead *de novo*. It
would seem that a similar practice obtained in Massachusetts.
*Lewis* v. *Shattuck*, 4 Gray, 576.

But this practice is not universal. The case of *Parks* v.
*Goodwin & Hand*, 1 Mich. 35, shows that judgment had been
recovered by Goodwin & Hand, in the Circuit Court, against Parks,
who carried the case to the Supreme Court, on writ of error, where
the judgment was affirmed. Between the argument of the cause

in the Supreme Court and the decision affirming the judgment, Parks was discharged in bankruptcy, and in this case moved for a perpetual stay of execution.    In determining the motion, the court, after referring to the fact that the bankrupt law had made no provision in respect to the mode of procedure in a case situated in this way, said : " The defendant in the court below having been thus discharged, it would seem that some mode ought to be devised by which effect should be given to his discharge.    Had he been present when the opinion of this court was announced and entry of affirmance directed, and suggested his discharge in bankruptcy, this court would either have suspended its judgment, or, having directed the judgment of the court below to be affirmed, would at the same time have given the party the rights secured to him by his discharge, and directed a stay of proceedings ;" and that such would be " but the exercise of an equitable power over its own judgments which courts of law possess."

In *Imloy* v. *Carpentier*, 14 Cal. 173, after consideration of both English and American authorities, it was held that the court was invested with plenary powers over an execution, and may set it aside, order a perpetual stay, or make any other order with reference thereto, required for the protection and preservation of the rights and interests of the respective parties.

In New York, it is held that if the bankrupt has no opportunity to plead his discharge, he has no means of availing himself of it except by motion, and that he is entitled to a perpetual stay of execution.   *Graham* v. *Pierson*, 6 Hill, 247.

If no question is made as to the validity of the discharge, and it affects all matters that entered into the judgment, no good reason is apparent why, if a defendant has not had an opportunity to plead his discharge, and waives his exceptions, this court may not on motion suspend judgment, or, if judgment be affirmed, order a perpetual stay of proceedings, or of execution, according to circumstances.    But if the validity of the discharge, or the extent of its effect, is in question, the case may be remanded to the County Court with or without a *pro forma* reversal of judgment, as justice

may require, to be there proceeded with under the order remanding it.   V. S. 1633.

But such power should not be exercised unless it is made to appear, with reasonable certainty, that the petition was filed in the Court of Insolvency after the verdict, and that the debt or claim involved in the suit is such as will be affected by the defendant's discharge under the insolvency law.   *Gardner* v. *Way,* 8 Gray, 189.   It therefore becomes necessary to examine the nature and foundation of the cause of action in the suit at bar.

In insolvency proceedings, claims against the debtor for or on account of goods, chattels, or other property wrongfully taken, withheld, or converted by him, may be proved and allowed as debts against his estate.   V. S. 2074.   And the debtor shall, upon the issuing of the certificate, except as otherwise provided, and with the limitations specified, be discharged from debts proved against his estate, and from debts provable under the law and founded on a contract.   V. S. 2138.

Prior to any of the proceedings in the Court of Insolvency, the plaintiff's claim was reduced to a judgment, and thereby became liquidated—the sum due him, as damages, from the defendants, was fixed—and the judgment constituted a debt within the meaning of the insolvency law.   *In Re Comstock,* 22 Vt. 642.   In this, it stood the same as a judgment based upon a contract would have stood, and any one of the defendants, with the others, was liable therefor.   Without undertaking to determine what the law is, upon this question, when a claim for a joint conversion of property has been proved against the estate of one of the tortfeasors in insolvency, and a certificate of discharge granted him, we are satisfied that when a judgment has been obtained against the tort-feasors jointly for such conversion, that judgment may be proved against the estate of any one of them, and a certificate of discharge granted to the one against whose estate it is thus proved, without releasing the others therefrom.   V. S. 2140.

The judgment was proved against the estate of Connor, and a dividend received thereon.   The debt was thereby paid *pro*

*tanto.* The certificate granted Connor is his discharge from further liability, and such proceedings should be had in the case at bar as will permit him, by waiving his exceptions, to avail himself of that defense in this court if the circumstances will permit, otherwise, in the County Court upon such terms as may be fixed by this court.

The judgment not having been proved against the insolvent estate of either of the other defendants, the question arises whether it is a debt founded on a contract. If it is, upon receiving their certificates, each defendant was discharged therefrom because it was provable; but if it is not founded on a contract, neither of them is discharged therefrom because it was not proved against the estate of either. The debt is the judgment, and the judgment was recovered in an action of trover for the conversion of property, and therefore, it was founded on a tort, and not on a contract.

Although the technical rules regard the original claim as merged in the judgment, and the judgment as implying a promise by the defendants to pay it, the primary nature and real foundation of the cause of action are not changed by procuring judgment thereon, and we may look behind the judgment in determining this question. *Wisconsin* v. *Pelican Ins. Co.* 127 U. S. 265; *Huntington* v. *Attrill,* 146 U. S. 653; *Clark* v. *Rowling,* 3 Comst. 216, 53 Am. Dec. 290.

The judgment having been paid *pro tanto* by the dividend from Connor's estate, the plaintiff should enter a remittitur for the sum thus paid, and upon such entry being made, let the case be determined, as to defendants Smith and Kilgarlan, upon the exceptions; and as to defendant Connor, let the case stand for further consideration.