ISAAC T. PATTERSON *v.* LUMAN H. SMITH, JOHN P. CONNOR

and EDWARD KILGARLAN.

May Term, 1901.

Present: ROWELL, TYLER, MUNSON and START, JJ.

Opinion filed November 19, 1901.

*Evidence—Unconnected facts*—The amount of lumber in a mill-yard in
a certain year being in controversy, and witnesses for the plaintiff
having testified with reference thereto, evidence that the amount
of lumber in the yard in other years corresponded with the amount
so testified to, offered by the defendants for the purpose of showing
that the plaintiff's witnesses had mistaken the year in which they
saw the lumber testified to by them, was properly excluded, in the
absence of evidence tending to show that said witnesses for the
plaintiff had seen the lumber in the yard in such other years.

*Evidence—Irrelevant fact*—That parties who claimed an interest in
property attached had talked together about bringing a suit to ob-
itan possession of it, did not tend to show that the attaching cred-
itor had released his attachment.

*Evidence—Irrelevant fact*—It is not admissible for a witness to testify
that his conduct would not have been as it was, if he had not under-
stood that a claimed fact existed, when such testimony would
amount to nothing more than an argument from the witness-stand
that such claimed fact did exist.

*Case distinguished.—Whitney Wagon Works* v. *Moore*, 61 Vt. 230, is
distinguished.

*Practice in the Supreme Court—Perpetual stay of execution against a
discharged insolvent*—The Supreme Court, upon affirming a judg-
ment of the County Court against several defendants, ordered a per-
petual stay of execution as to a defendant who showed that he had
received a discharge in insolvency in proceedings begun after the
judgment of the County Court was rendered, and that such judg-
ment had been proved against his estate in insolvency.

TROVER.    Plea, the general issue.    Trial by jury, Orleans
County, September Term, 1893, *Taft,* J., presiding.    Verdict
and judgment for the plaintiff.    The defendants excepted.

At the January Term, 1894, of the Supreme Court, when the case was called for hearing on the exceptions, proceedings were stayed on a motion setting up the filing of petitions in insolvency by the defendants after the rendering of judgment in the County Court. 66 Vt. 633. Thereafter the case was continued from term to term to the January Term, 1900, when a hearing was had upon questions raised and decided. 72 Vt. 288. In the decision on such hearing it was ordered that the case be determined as to the defendants Smith and Kilgarlan upon the exceptions, and that as to the defendant Connor the case stand for further consideration, he having shown that the judgment of the County Court had been proved against his estate in insolvency, and that he had received a discharge. The final disopsition of the case here reported was made at the May Term, 1901.

The names of counsel here given are those which appear on the briefs prepared in contemplation of argument on the exceptions at the January Term, 1894.

*H. F. Graham* and *Bates & May* for the plaintiff.

*W. W. Miles* and *Dickerman & Young* for the defendants.

MUNSON, J.   This suit is brought by an officer to recover damages for the removal of property upon which he had placed an attachment.   The attachment was of the lumber in a certain mill-yard, and was made by copy in June, 1887.   There was a material difference between the witnesses of the plaintiff and those of the defendants as to the amount of lumber in the yard at the time of the attachment.   The defendants offered to show that the stock in the yard in the seasons of 1888 and 1889 corresponded substantially with what the plaintiff's witnesses gave as the stock on hand at the time of the attachment; and claimed the right to prove this as the basis of an argument that the plaintiff's witnesses had mistaken the year in which they saw the quantity testified to.   We find nothing in the exceptions

to show that plaintiff's witnesses had seen the lumber in the yard in the subsequent years; and in the absence of evidence tending to establish this fact the exclusion of the defendants' offer was not error.

The evidence of the defendants tended to show that defendants Connor and Kilgarlan advanced the money with which the lumber was purchased under an arrangement that the lumber should be theirs until the money was repaid; that if defendant Smith had any interest in the lumber it was a partnership interest with one Spaulding; and that the attaching creditor in two interviews, one with Smith and Connor and one with Spaulding and Kilgarlan, had announced a release of the attachment. As bearing upon the probability of their having obtained this release, the defendants offered to show that these parties who claimed an interest in the property had talked together about bringing a suit to obtain possession of it. The exclusion of this testimony was not error. It is not necessary to consider whether evidence that these parties had determined upon the bringing of a suit if the property was not released, would have been within the rule of which the defendants seek to avail themselves. It is certain that the mere fact that a suit was talked about, without any conclusion being arrived at, could not have had the effect claimed.

The defendants also offered to show by both Smith and Spaulding that they would not have allowed the company property to have been disposed of as it was, if they had not understood that this attachment had been released. As the case stood, this would have been merely a presentation from the stand of an argument which might perhaps properly have been made by counsel upon the facts which appeared in evidence. The case did not present the special ground upon which the admission of evidence of this character was sustained in *Whitney Wagon Works* v. *Moore,* 61 Vt. 230.

*Judgment affirmed. Defendant Connor having been discharged in insolvency, execution as to him is perpetually stayed. See Patterson v. Smith, 72 Vt. 288.*