## MARTIN C. ROWELL *v.* B. FRANK RICKER.

January Term, 1907.

Present: TYLER, MUNSON, WATSON, JJ., and HALL, Superior J.

Opinion filed April 5, 1907.

*Deceit—Procurement of Property by False Representations—Effect of Discharge in Bankruptcy.*

A declaration which alleges that defendant sought to buy of plaintiff certain sheep of the value of $1,200; that plaintiff refused to give defendant credit, but insisted upon a cash transaction; that thereupon defendant falsely, fraudulently, and deceitfully represented to plaintiff that a $1,500 check of a certain company, whose check plaintiff knew to be worth that sum of money, had been mailed to defendant to pay for said sheep, would be received by defendant that day, and immediately delivered to plaintiff; that plaintiff, relying on said representations and believing them to be true, then and there delivered the sheep to defendant, who then and there converted them to his own use; that said check had not been mailed, as defendant, who made said representations with the deceitful and fraudulent purpose of getting possession of said sheep and converting them to his own use, well knew; and that defendant has never paid for said sheep, sufficiently alleges a liability created by means of a fraud involving moral turpitude and intentional wrong, and which, therefore, is not affected by defendant's discharge in bankruptcy.

CASE for deceit. Pleas, the general issue, and a special plea of defendant's discharge in bankruptcy. Heard on plaintiff's demurrer to said special plea at the December Term, 1906, Orange County, *Waterman*, J. presiding. Demurrer sustained, and plea adjudged insufficient. The defendant excepted. Cause passed to the Supreme Court before trial on the merits. The opinion fully states the case.

*Harvey, Harvey & Harvey for the defendant.*

A false statement as to what one will do in the future does not warrant a rescission for fraud. Benjamin, Sales, 470; *Cohn v. Broadhead,* 51 Neb. 834; *Perkins v. Lougee,* 6 Neb. 220; *Dawe v. Morris,* 149 Mass. 834; *Best v. Smith,* 54 Vt. 617; *Dyer v. Tilton,* 23 Vt. 313.

The representation that a check was coming would have been no inducement to plaintiff to part with the sheep, unless defendant also promised to pay for the sheep from the proceeds of the check; but the breach of such a promise could afford no ground for a rescission, unless the promise was made with the intent not to fulfill it. *Wallace v. Lehinan,* 85 Ala. 274; *Wanhumer v. Harrington,* 20 Mo. App. 297; *Houghtaling v. Hills,* 59 Iowa, 287; *Dalton v. Thurston,* 15 R. I. 418; *Reticker v. Kilyentin,* 26 Ill. App. 33; *Ide v. Gray,* 11 Vt. 615; *Wright v. Bourbon,* 50 Vt. 494; *Brainard v. Van Dyke,* 71 Vt. 359.

*March M. Wilson for the plaintiff.*

The defendant's discharge in bankruptcy is no bar to the liability described in the declaration. *Forsyth v. Vermehyr,* 177 U. S. 177; *Stranger v. Breadner,* 114 U. S. 555; *Ames v. Moir,* 138 U. S. 312; *Frey v. Terry,* 8 Am. B. R. 201; *Dar-*

*ling* v. *Woodward*, 54 Vt. 101; 10 Bump's Bankruptcy 241; Brandenburg's Digest, 169, Art. 250.

TYLER, J.   It is alleged in the amended count that the defendant, on December 19, 1904, at Randolph, sought to buy of the plaintiff a large number of sheep of the value of twelve hundred dollars; that the plaintiff refused to sell them to him unless he then and there paid for them the sum named,—that the plaintiff refused to trust the defendant.   It is further alleged that the defendant then and there falsely, fraudulently, and deceitfully represented to the plaintiff that one Hollis of Boston, Massachusetts, had mailed to him a check for fifteen hundred dollars, given by the New England Dressed Meat and Wool Company, which check would be delivered by regular course of mail at Randolph at or about five o'clock in the afternoon of that day; that the check was for the sheep and would be delivered to the plaintiff on its arrival as aforesaid; that the plaintiff knew that Hollis was the general manager of said Company, and that the Company was financially responsible and that its check was worth that sum in cash.   It is further alleged that the plaintiff believed and relied upon these representations and in reliance upon them delivered the sheep to the defendant, who then and there converted them to his own use. It is alleged that the check had not been mailed; that the defendant knew that fact, and that he made the representations with the deceitful and fraudulent purpose of getting possession of the sheep and of converting them to his own use; that the defendant has never paid the plaintiff anything for the sheep and that the plaintiff has never received anything for them.

The defendant pleaded the general issue, and, in bar of the action, his discharge in bankruptcy.   To this plea the

plaintiff demurred, and the question is whether the plaintiff's cause of action was discharged by the defendant's discharge in bankruptcy. The suit was pending when the bankruptcy proceedings were commenced.

The declaration presents a case containing all the elements of fraud; a false representation made by the defendant, he at the time knowing it to be false. It was made to deceive the plaintiff and it did deceive him, for he believed it to be true and so believing delivered the property to the defendant.

In Story's Eq. Jur., section 186, the definition of fraud is given as the intentional and successful employment of any cunning, deception, or artifice, used to circumvent, cheat or deceive another.

The case is like *McCrillis* v. *Allen*, 57 Vt. 505, where the defendant, by falsely representing himself to be one of a firm of produce commission merchants in Boston, induced the plaintiff to send poultry to said pretended firm to be sold on commission, with the fraudulent purpose of getting possession of it without paying for it, there in fact being no such firm. *Darling* v. *Woodward*, 54 Vt. 101; *Childs* v. *Merrill*, 63 Vt. 463.

The declaration does not allege a sale of the property upon the defendant's promise to pay for it, but it alleges in apt terms the obtaining of the property by the defendant by means of his false and fraudulent representations. The intention to deceive, which is a characteristic of fraud, is alleged, and the successful accomplishment of the fraudulent purpose.

Lord Hardwick said in *Lawley* v. *Hooper*, 3 Atk. 278: "The court very wisely hath never laid down any general rule beyond which it will not go, lest other means for avoiding the

equity of the court should be found out." Again he said, "Fraud is infinite." In Bigelow on Fraud, 3, it is said that judges have declined to attempt a definition, partly on the ground of hopelessness and partly from supposed danger. But while it may be difficult to frame a definition applicable to all cases in their varying circumstances, all courts agree as to some of the essential elements of fraud.

The U. S. Bankruptcy Law of 1898, as amended by the Act of 1903, seems sufficiently explicit in defining the kind of fraud that will prevent a debtor from obtaining a discharge. It says: "A discharge in bankruptcy shall release a bankrupt from all his provable debts except such as * * * are liabilities for obtaining property by false pretenses or false representations." But plain as this language is the Supreme Court has had occasion to construe it. In *Neal* v. *Clark,* 95 U. S. 704, 24 L. ed. 586, the Court said it meant positive fraud, or fraud in fact, involving moral turpitude or intentional wrong, and not implied fraud, or fraud in law, which may exist, without the imputation of bad faith or immorality. The rule is restated in *Ames* v. *Moir,* 138 U. S. 306, 34 L. ed. 951. In *Forsyth* v. *Vehmeyer,* 177 U. S. 177, 44 L. ed. 723, the Court held that: "A representation as to a fact, made knowingly, falsely and fraudulently, for the purpose of obtaining money from another, and by means of which such money is obtained, creates a debt by means of a fraud involving moral turpitude and intentional wrong." The facts alleged bring the present case clearly within these rules. As the Court said in the case last cited, "It is so plainly a fraud of that description that its mere statement obtains our ready assent."

*Judgment affirmed and cause remanded.*