### R. N. Cearley et al. v. John May.

#### No. 2327.    Decided June 17, 1914.

**1.—Contract—Fraud—Cancellation—Return of Consideration.**

In seeking cancellation of a conveyance obtained by fraud a plaintiff is under no obligation to return or offer to return a consideration which he is entitled to retain, that due him under the real agreement which he still seeks to carry out. (P. 444.)

**2.—Same—Case Stated.**

Under an agreement to purchase from the owner of land the right to crush and use rock thereon for ballast, defendant obtained by fraud an absolute conveyance, with verbal promise to reconvey after using the rock, which he repudiated. Held, that the owner was entitled to a rescission of such conveyance; that, since he merely sued to establish and carry out the actual contract made, he was under no obligation to return or tender back the consideration paid by defendant therefor; that a decree cancelling the conveyance, but permitting the defendant to occupy the premises for five years for the purpose of crushing and removing the rock sufficiently protected his equities under the contract. (Pp. 442-444.)

Error to the Court of Civil Appeals, Sixth District, in an appeal from Wise County.

Cearley and others sued May, who appealed from a judgment in favor of plaintiffs. The judgment was reversed and remanded, and appellees obtained writ of error on the ground that the ruling settled the case.

W. H. Bullock, for plaintiffs in error.

McMurray & Gettys, for defendant in error.—A parol contemporaneous agreement can not be received to contradict or vary the terms of the written agreement, or to lessen or diminish the estate granted in the deed, or to show that it was not the intention of the grantors to convey the estate therein described. Sanborn v. Murphy, 86 Texas, 437; Paris Grocer Co. v. Burks, 101 Texas, 106; Ord v. Waller, 107 S. W., 1066; Lechenger v. Bank, 96 S. W., 638; Kahn v. Kahn, 94 Texas, 114; Lancaster v. Richardson, 35 S. W., 749, 13 Texas Civ. App., 682.

Plaintiff's petition containing no offer to do equity in any way or to restore any part of the $10 per acre paid by defendant for the land, did not authorize any cancellation of the deed, but constituted an attempt to enforce a parol agreement and understanding contemporaneous with the execution of the deed. Cecil v. Henry, 93 S. W., 217; Witliff v. Spreen, 51 Texas Civ. App., 544; White v. White, 95 S. W., 733; Pearson v. Cox, 71 Texas, 246; Perez v. Everett, 73 Texas, 434; McCarty v. Moorer, 50 Texas, 287.

The court erred in canceling said written deed and in enforcing the said parol agreement set up by plaintiffs, because the said parol agreement was prohibited by the statute of frauds of Texas, and was not enforceable by law. Rev. Stats., arts. 624, 2543.

Mr. Justice PHILLIPS delivered the opinion of the court.

The suit of the plaintiffs in error was predicated upon substantially

the following allegations found in their petition: That being the owners of a certain described tract of land in Wise County they sold to the defendant May, on or about September 23, 1906, all the rock on the land suitable for crushing and use as ballast, the purpose for which he sought its purchase, with the understanding that he should have the right to erect a crusher upon the land and to the use of its surface in that connection so long as the crusher was operated, but possession of the land to be returned to them as soon as the crusher was removed. That they were ignorant of the forms of conveyancing; and that defendant agreed to have an instrument prepared properly expressing the agreement, which they relied upon him to do. That he caused a general warranty deed to be prepared, by its terms conveying the land to himself, and presented it to C. N. Cearley, one of the plaintiffs, who ignorantly executed it, but afterwards discovered that it contained no provision for the reversion of the title. That thereupon the defendant, intending to deceive the plaintiffs and knowing that the other plaintiffs relied upon Cearley to see that the agreement was properly drawn, represented that the proper method in the transaction was for the plaintiffs to execute the deed and for him to make a contract containing provisions for the reversion of the land to the plaintiffs after the removal of the crusher, which he would have prepared and would execute. That relying upon such representation they were induced to execute and deliver the deed to the land, but the defendant with the intention to deceive and defraud them by securing the title to the land, had refused to execute such agreement. That he erected a crusher upon the land, taking therefrom such rock as was suitable for his purpose, and afterwards removed the crusher and returned the possession of the land to the plaintiffs, but was claiming the title under the deed and was attempting to dispose of it. Under these allegations they prayed judgment for the land; that the cloud cast upon their title by the deed be removed, for cancellation of the deed, and for general relief.

The defendant answered by a plea of not guilty; that he held the land under an absolute deed; that there was no written agreement binding him to reconvey the land; and if there was any agreement to that effect, it was void under the statute of frauds because not in writing.

The trial court rendered a judgment for the plaintiffs, canceling the deed and removing the cloud from the title; but decreed that May should have possession of the land for a term of five years for the purpose of blasting, crushing and removing the rock therefrom, with the right to reasonable use of the land for that purpose, and to erect necessary improvements which he was privileged to remove at any time before the expiration of the term stated. The Honorable Court of Civil Appeals for the Sixth District reversed the judgment on May's appeal and remanded the cause upon the ground, as stated in its opinion, that the plaintiffs were entitled to a cancellation of the deed only upon their rescission of the entire agreement and May's restoration as nearly as possible to his original status; that as the evidence showed he had not, at the time of the trial, exhausted his rights to all of the rock on the

land and had paid the plaintiffs the full consideration even under their version of the agreement, no part of which they had offered to return, in the state of the pleading and the evidence a judgment depriving him of the legal title to the land was unauthorized.

According to the evidence introduced by the plaintiffs the deed in question was obtained under circumstances substantially as charged in the petition, that is, by means of a representation or promise, made by the defendant and relied upon by the plaintiffs, that he would execute and deliver to them a written agreement to reconvey the land when his use of it for the purpose stated was ended,—a promise he did not at the time intend to perform and had not performed. This amounted to such fraud as would warrant the cancellation of the deed as a conveyance of the land. Chicago, T. & M. C. Ry. Co. v. Titterington, 84 Texas, 218, 19 S. W., 472, 31 Am. St., 39.

True, the plaintiffs neither sought nor offered a rescission of their sale to the defendant of the rock upon the land and the incident right to the use of the land for its removal and conversion into ballast or cement, which they claimed, and the trial court found with support in the proof, was the real transaction between the parties and extent of their agreement. But was this necessary to entitle them to the cancellation of the deed, operating as it did to convey their land which they had neither sold nor agreed to sell, and obtained, as the 'court found, by fraudulent means? The court having found that the actual agreement was as the plaintiff .claimed, all that was sold to the defendant was the rock and the use of the land for the purpose stated, and that was all he paid for in the consideration which they received. They had performed the agreement in part by surrendering possession of the land for this purpose and delivering a part of the rock, and their attitude in the case was one of willingness to complete its performance. They sought no relief against the actual agreement, but only against the fraud by means of which an absolute deed to their land was obtained, which was entirely beyond the purview of the agreement. On proof of the fraud they were entitled to a cancellation of the deed. But in seeking such a cancellation a party is under no obligation to return, or offer to return, that which he is entitled to retain. Pomeroy's Eq. Jur., sec. 688 (vol. 6). They had sold the rock and the right to the use of the land for a reasonable time. They were entitled to have that sale stand, and were not required to return its consideration in order to have restored to them something to which the defendant was not entitled. It was the duty of the court to protect by the judgment the rights of the defendant under the sale of the rock and the privilege of using the land for its removal, and this the court did by decreeing that for such purpose he should have possession for a period of five years, which under the circumstances of the case can not be deemed other than adequate equitable provision for his benefit.

The judgment of .the Court of Civil Appeals is reversed and that of the District Court affirmed.

*Reversed, and judgment of District Court affirmed.*