A. CROSBY KENNETT AND HERBERT S. MUDGETT *v.* GEORGE A. TUDOR AND ERNEST H. TUDOR.

GEORGE A. TUDOR *v.* A. CROSBY KENNETT AND HERBERT S. MUDGETT.

October Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed December 9, 1916.

*Bankruptcy—Claim for Deceit in Sale of Personal Property— Liability for Obtaining Property by False Representations —Costs.*

A cause of action in deceit in the sale of personal property, by falsely and fraudulently representing the property to be free from incumbrance, is a liability for obtaining property by false representations, and the bankrupt is not released therefrom by his discharge in bankruptcy, under the provisions of the Bankruptcy Act of 1898, sec. 17a, cl. 2, as amended by the Act of 1903.

A claim for costs, decreed against the plaintiff in dismissing a bill in equity, brought to reform a written contract of sale in connection with which a judgment at law had been obtained against the plaintiff for falsely and fraudulently representing the property sold to be free from incumbrance, is not in any way characterized by the fraud and deceit which entered into the contract of sale, and so is not a liability for obtaining property by false pretenses or false

representations, and is a provable claim under the bankruptcy law
from which the plaintiff is released by his discharge in bankruptcy.

ACTION for deceit in the sale of personal property. Plea,
the general issue. . Trial by jury at the September Term, 1910,
Windham County. Verdict and judgment for the plaintiff. On
exceptions by defendants, the Supreme Court affirmed the judg-
ment, except as to damages, and remanded the case (85 Vt. 190).
Trial by court on the question of damages, at the September
Term, 1912, Windham County, *Butler,* J., presiding.

After the findings of fact were filed, and before judgment
the defendant George Tudor brought a bill in equity against
the plaintiffs in the action at law, seeking to have the bill of
sale of the personal property reformed, and obtained an order
enjoining the further prosecution of the action at law until the
determination of the proceedings in equity. Trial in vacation
after the September Term, 1914, *Fish,* Chancellor. Decree, dis-
missing the bill with costs to the defendants therein. The
orator, George Tudor, appealed.

At the April Term, 1915, Windham County, *Butler,* J.,
presiding, the injunction was dissolved, and judgment rendered
for the plaintiffs upon the findings of fact previously filed.
The defendants excepted.

After the decree and judgment, defendant George Tudor
was adjudged a bankrupt, and, while the two cases were pend-
ing in Supreme Court, he was granted his discharge. The de-
fendants thereupon moved to have the decree and judgment
reversed, *pro forma,* and both causes remanded, so that oppor-
tunity might be given to plead the discharge in bankruptcy.

The facts are stated in the opinion.

*Herbert G. Barber* and *Frank E. Barber* for the plaintiff
in the action at law, and the defendants in the suit in equity.

*Chase & Daley* for the defendants in the action at law, and
the orator in the suit in equity.

WATSON, J. The two causes named above were submitted
together. The first is an action on the case for deceit in the
sale of personal property, and it was held when the case was
here before (85 Vt. 190, 81 Atl. 633) that the deceit is the cause

of action. This consisted of false and fraudulent representations made by the defendants that the property sold by them to the plaintiffs, for which they received a large sum of money in part payment of the purchase price, was free of incumbrance except a certain lien on part of it, given to the Lane Manufacturing Company, when in fact and to the knowledge of the defendants the property was subject to two mortgages previously given by defendant George A. Tudor, one to one Gibson and the other to one Ware. The judgment for the plaintiffs was then affirmed, except that as to the question of damages it was reversed because, as the case then stood on both the declaration and the evidence, the plaintiffs were entitled to recover only nominal damages, it being neither alleged nor proved that they had paid anything by reason of the mortgages mentioned; whereas if the plaintiffs should then pay those mortgages, and by leave of the court below amend their declaration accordingly, they would be entitled to recover the actual damages suffered. The assignee of the mortgages had brought suit against them for conversion of the property. On remand, the plaintiffs having paid the mortgages and the costs of the suit against them, they were permitted to amend their declaration by setting forth that fact therein. Their actual damages were then assessed by the court and judgment rendered for the sum found. The case was brought to this Court on defendants' exceptions.

On February 7, 1916, each of the defendants filed a motion stating that he had filed a petition in bankruptcy and had received his discharge as a bankrupt, from the District Court of the United States; that said judgment is a provable debt, was scheduled in said petition as due the plaintiffs, is barred by his discharge, and asking that the judgment be reversed *pro forma* and cause remanded to the county court, so as to give him an opportunity to plead his discharge in defence of the action.

While the motions do not state that defendants waive their exceptions, we understand that their counsel so stated in presenting the motions to the court, and we act accordingly.

The motion of George A. Tudor states that his petition in bankruptcy was filed September 8, 1915, and that he received his discharge on, to wit, January 13, 1916. There is no material difference between the facts so there stated and the admission expressly made in the plaintiffs' brief in that respect.

The plaintiffs contend, however, that the debt or claim involved in this suit is a liability for obtaining property by false representation, and therefore by the provisions of Bankruptcy Act 1898, §17a, cl. 2, as amended by Act of 1903, the bankrupt is not released therefrom by his discharge. This contention must be sustained. It is according to the holding of this Court in *Rowell* v. *Ricker*, 79 Vt. 552, 66 Atl. 569, 18 Am. Bankr. Rep. 651, and to the holding of the Supreme Court of the United States in *Friend* v. *Talcott*, 228 U. S. 27, 57 L. ed. 718, 33 Sup. Ct. 505. This ruling is equally conclusive that the liability of defendant Ernest H. Tudor is not released by his discharge in bankruptcy.

After this case was remanded as before stated on the question of damages, defendant George A. Tudor brought his bill in equity (it being the second of the two cases submitted) to reform the written contract of sale in connection with which the false and fraudulent representations were made by the Tudors, as established by the judgment in the action at law, alleging that by the contract in fact made, the Gibson and the Ware mortgages were assumed by Kennett and Mudgett in the purchase. Further prosecution of the suit at law was enjoined pending the suit in equity. The latter case being heard upon the merits, a decree was rendered dismissing the bill with costs to the defendants. The case came to this Court on the plaintiff's appeal, filed April 23, 1915. On February 17, 1916, the plaintiff filed a motion, in statement as to filing his petition and receiving his discharge in bankruptcy, similar to that filed by him in the action at law, and stating that in said petition he scheduled the debt or judgment of defendants Kennett and Mudgett, asking that the decree below be reversed *pro forma* and the cause remanded, so as to give him an opportunity to plead his discharge.

The same as with the exceptions in the action at law, we understand the appeal is waived and so treat it.

The proceedings in bankruptcy were commenced and the discharge granted after the case in equity came into this Court. The costs decreed to the defendants in the latter case constitute a provable debt under the bankruptcy law. This debt is not in any wise characterized by the fraud and deceit which entered into the contract of sale, and it is not a liability for obtaining property by false pretenses or false representations. The de-

fendants assert in their brief that these costs are not affected by the discharge, but they state no basis for such assertion, and give no intimation of any ground upon which the debt falls within any class exempted from the discharge. Defendants say that the Court should not exercise its discretion by permitting the plaintiff to file his plea or defence after having involved the defendants in litigation for nearly six years upon a claim which the court of chancery, by its decree, says is without merit. But these views seem to disregard the plain provision of the bankruptcy law (section 17a) : "A discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as" fall within some one of the classes there specified. As against this debt, we think the law, as well as justice, requires that in some proper form of procedure the plaintiff have the benefit of his discharge. *Paterson* v. *Smith,* 72 Vt. 288, 47 Atl. 1088.

*In the case at law, the motion of each defendant is overruled, and as to both defendants judgment is affirmed. In the case in equity, the decree is affirmed and cause remanded with directions that a perpetual stay of execution be ordered.*