## HANCOCK v. BLUMENTRITT et al.
## (No. 6777.)

(Court of Civil Appeals of Texas. Austin.
Jan. 14, 1925.)

**1. Guardian and ward ⬉130—Exception to allegation as to defendant's promise to pay merchandise bill out of children's estate held properly sustained.**

In action by merchant against defendant and his codefendant children to recover on open account for merchandise furnished defendants, exception to allegation pertaining to defendant's promise, whether made as guardian, to pay bill out of children's estate, *held* properly sustained under Rev. St. arts. 4206–4237, where the allegations showed that the estates referred to must have been those of children other than defendant children.

**2. Evidence ⬉65—Party furnishing goods to guardian held charged with knowledge of fact of improper charge against minors' estates.**

Party furnishing goods to guardian *held* charged with knowledge of fact of improper charge against minors' estates.

**3. Bankruptcy ⬉423(1)—Procuration of merchandise on credit through false representations held to preclude discharge in bankruptcy of debt so incurred.**

Procuration of merchandise on credit through false representations as to the revenues to accrue to defendant as heir, and as administrator of his wife's estate, precluded a discharge in bankruptcy of the debt so incurred in view of Bankruptcy Act, § 17 (Comp. St. U. S. § 9601).

**4. Bankruptcy ⬉435—Allegations held to raise issue of fraud, within Bankruptcy Act, in procuring goods and credit through false representations.**

Allegations *held* to raise issue of fraud within Bankruptcy Act, § 17 (Comp. St. U. S. § 9601), in procuring goods and credit through false representations as to incomes to accrue in future.

**5. Fraud ⬉12—Promises to pay for goods without intent to fulfill them held actionable.**

Representations pertaining to future acts to pay for merchandise furnished, made without intent to fulfill them, *held* sufficient to sustain action in fraud.

**6. Fraud ⬉64(2) — Fraudulent intent held question of fact.**

Alleged fraudulent intent of defendant in making representations relating to future and pertaining to payment of goods furnished *held* question of fact.

**7. Sales ⬉17—Seller furnishing goods to defendant and his children on strength of defendant's promise to pay for them held precluded from seeking recovery from children.**

Seller furnishing goods to defendant and his children on strength of defendant's promise to pay for them *held* precluded from seeking recovery from children.

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Tom Green County; C. E. Dubois, Judge.

Action by J. A. Hancock against F. Blumentritt and others. Judgment for defendants, and plaintiff appeals. Judgment affirmed as to unnamed defendants, but reversed and cause remanded as to named defendant.

Hill, Neill & Hill, of San Angelo, for appellant.

J. A. Thomas, of San Angelo, for appellees Sam and Louis Blumentritt, and Rosa and Ewald Straach.

BAUGH, J. On April 22, 1922, J. A. Hancock, a merchant of Miles, Runnels county, Tex.; sued F. Blumentritt and three of his children, viz. Sam Blumentritt, Louis Blumentritt, and Rosa Straach, wife of Ewald Straach, to recover a balance of $951.08 due upon an open account for dry goods and groceries. The case was not tried until September 10, 1923. F. Blumentritt, by plea in abatement, set up his discharge in bankruptcy on July 21, 1923, of all his indebtedness including the debt sued upon. The three children filed pleas of privilege, and also answered by general and special exceptions, general denial, and special pleas not pertinent here, since the trial court instructed a verdict in their favor. F. Blumentritt, in addition to his plea in abatement, also defended by setting up his discharge in bankruptcy as a plea in bar. By supplemental petition and trial amendment plaintiff denied F. Blumentritt's discharge as to his debt, alleging that the merchandise was obtained through false pretenses and fraudulent representations made by F. Blumentritt.

To this trial amendment F. Blumentritt lodged a general demurrer and special exceptions. The third special exception and the general demurrer were sustained, and after hearing the evidence the court upon separate motions of the defendants instructed the jury to find for the several defendants and against the plaintiff, and rendered judgment accordingly. From this judgment plaintiff appeals.

### Opinion.

Appellant asserts error under ten assignments. His first and second assignments of error complain of the action of the trial court in sustaining defendant F. Blumentritt's general demurrer and third special exception to plaintiff's trial amendment. This trial amendment was as follows:

"For special answer plaintiff says that the debt herein sued for is not such a debt as was or is discharged by any discharge in bankruptcy, which the defendant F. Blumentritt may have obtained, in that plaintiff's debt as against said defendant F. Blumentritt is a liability for obtaining property by false pretenses and by

false representations, in this: The defendant F. Blumentritt during the month of June, 1920, and after plaintiff had sold and delivered to the defendants herein about $275 worth of goods, wares, and merchandise, and for which defendants had paid on account $150, and for the purpose of obtaining the remaining goods, wares, and merchandise shown in said account to have been purchased by defendants and delivered to them after the month of June, 1920, the said defendant F. Blumentritt falsely and fraudulently stated and represented to plaintiff that he would within a short time be appointed administrator of his deceased wife's estate; that he had contracted for the sale of part of the land belonging to said estate with one John Scimecek, and that he could and would get an order of court and sell said lands, and that he could and would pay plaintiff what was then owing to him, to wit, about $150, and could and would pay him for goods, wares, and merchandise thereafter purchased and delivered, all of which said statements were then and there made falsely and fraudulently and without any present intention of performing the same, and were false pretenses and devices made to obtain goods in the future from plaintiff; that but for such representations plaintiff would have refused to sell and deliver defendants any further goods, wares, and merchandise. That thereafter on or about the 13th day of December, 1920, and the 7th day of April, 1921, the said defendant F. Blumentritt represented and stated to plaintiff's agent, J. I. Hancock, that he was the guardian of his minor children; that he himself had the money and could then pay for said goods, but if he did so he would not be able to get a return of such money from said children's estate, and that he could and would pay plaintiff for the goods theretofore delivered, and for those thereafter purchased, out of said minor children's estate, and plaintiff relying on such statements sold and delivered the goods thereafter purchased, and but for such statements would have refused to have sold and delivered any goods, wares, or merchandise thereafter to defendants. Plaintiff would show that at said times defendant F. Blumentritt was not the guardian of his minor children, and was not so appointed until February 14, 1923. Plaintiff further shows that he is a merchant not versed in law, and did not know what the rights and duties of the said defendant F. Blumentritt were as administrator of his wife's estate, and that he relied on said statements; that at the times last aforesaid said defendant F. Blumentritt was not the guardian of his said minor children, and said statement was false and fraudulent and was made for the purpose of inducing plaintiff to continue to sell and deliver the goods, wares, and merchandise which he did thereafter sell and deliver, and which but for said representations he would not have sold and delivered; that in June, 1920, the defendant F. Blumentritt was not the administrator of his deceased wife's estate, and he was not appointed such soon thereafter as he represented he would be, and in fact was not appointed such administrator until the 3d day of May, 1921.

"Plaintiff further shows to the court that the said F. Blumentritt was an heir of his deceased wife; that she died intestate, and that under the laws of descent and distribution he was entitled to a portion of her said landed estate;

that after he was appointed administrator of said estate he was entitled under the law to certain commissions for the handling of said estate and on the sales of any property, and that there was no legal obstacle to said defendant F. Blumentritt paying plaintiff's said account upon the sale of lands belonging to his wife's estate and out of the money coming to said defendant F. Blumentritt, as his part of the proceeds of such sale, and his commissions thereon, and this plaintiff is ready to verify."

To this trial amendment the court sustained a general demurrer and the following special exception:

"Said defendant further excepts to the allegations of said amendment in so far as they set up a promise to pay the account herein sued upon out of the estate of the deceased wife of defendant or out of the estate of the minor children of the defendant, for the reason that plaintiff knew and was required to know as a matter of law that the account herein sued upon as a debt against this defendant could not be paid out of the proceeds of the property of his deceased wife, and under the facts stated in said petition said account could not be paid out of the estate of defendant's minor children, as such payment would be contrary to law, of which he prays judgment of the court."

[1, 2] This exception was properly sustained as to the allegations with reference to promises to pay out of the children's estate. It is manifest that none of the three children made defendants were minors. Hence the estates referred to must have been those of other children. Chapter 15, title 64, of the Revised Statutes provides fully for the establishment and payment of claims against the estate of a ward. Clearly the account sued upon, as alleged, shows that it could not have been a proper charge against the minors' estates, and the plaintiff is charged with knowledge thereof. It is immaterial that F. Blumentritt was not then guardian of the estate of his minor children, if he could not have, under the law, paid such account out of their estate, had he then been guardian.

[3] However, we are of the opinion that in so far as said exception related to plaintiff's allegations as to F. Blumentritt's representations concerning his appointment as administrator of his deceased wife's estate, it was error to sustain it. It may be that said account, as alleged, could not, under the laws governing administration of estates, have been established as a valid claim against his wife's estate. But plaintiff did not allege that payment was to be made out of said estate. An administration upon said estate appears to have been necessary. If, as alleged, F. Blumentritt was an heir of his deceased wife, and through administration his portion of her estate could be set apart to him, either by partition or sale of the lands, with which he could pay said account, or commissions would accrue to him

from such administration out of which income he could have paid said account, his representations related to income to which he was legally entitled. And if said F. Blumentritt made to plaintiff Hancock false and fraudulent representations with reference to such revenues and income as would legally accrue to him as administrator, and thereby procured credit and goods which he could not otherwise have obtained, and without any intention on his part to pay for them, such action on his part precluded his discharge in bankruptcy from such debt under the express terms of the Bankruptcy Act, section 17 (30 Stat. U. S. 550) of which provides as follows:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (2) are judgments in actions for frauds, or obtaining property by false pretenses or false representations. * * *"

.[4] We think appellant's allegations on this point in his trial amendment were sufficient to raise the issue of fraud, and that it was error of the trial court to strike them out upon exception. In Gaddy v. Witt (Tex. Civ. App.) 142 S. W. 926, Judge Key, in discussing the sufficiency of the pleadings in that case, announced the following:

"We think the statute referred to (i. e. section 17, above quoted) should be liberally construed so as to prevent the discharge in bankruptcy from relieving against a liability which would not exist but for the fraudulent conduct of the bankrupt."

See, also, Rowell v. Ricker, 79 Vt. 552, 66 A. 569; Zimmern v. Blount, 238 F. 740, 151 C. C. A. 590; 7 C. J. 400.

[5, 6] Though the representations alleged as false related to future acts and were promises to be performed in the future, if made with no present intention to fulfill them, such representations would sustain an action in fraud. Mack Mfg. Co. v. Oeding (Tex. Civ. App.) 244 S. W. 156; Cearley v. May, 106 Tex. 444, 167 S. W. 725. The alleged fraudulent intent was, of course, a question of fact to be established by the proof.

[7] In his third assignment appellant complains of the trial court's action in giving peremptory instructions to find for the three children of F. Blumentritt, made defendants with him. There was no error in this. Plaintiff does not contend that he looked to said three children either individually or jointly to pay for said goods. On the contrary, he admitted that he did not know what goods were delivered to each of said defendants, nor, even if they were liable therefor, what portion of said account was due him by all or any one of them. The proof also showed that minor children of F. Blumentritt, other than the defendant children, received and used some of the merchandise.

On this point the plaintiff himself testified on cross-examination, as follows:

"All the time they took them away from my store, I charged them to F. Blumentritt. My books to-day don't show the account in the name of Louis and Sam Blumentritt and Ewald Straach. I was relying on Mr. Blumentritt to pay me out of the estate. I didn't rely on any person but him to pay it out of the estate and never did rely upon anything beyond that."

Under the facts proven we think there was a moral obligation on the part of each of said three children to pay for the merchandise delivered to them and used by them; but plaintiff's own testimony fails to establish a legal liability. He chose to look to F. Blumentritt for his debt, and under his own testimony the court properly directed a verdict in favor of the children.

What we have said also disposes of assignments Nos. 4, 5, 6, 7, and 8.

By assignments 9 and 10 appellant raises the question as to whether a discharge in bankruptcy should be presented by a plea in abatement or a plea in bar. F. Blumentritt in the instant case presented his discharge both as a plea in abatement and one in bar. In Fowler v. Michael (Tex. Civ. App.) 81 S. W. 321, the court held that a plea of discharge in bankruptcy is one in bar. Since we are affirming the judgment of the trial court as to all defendants except F. Blumentritt, this issue becomes immaterial.

For the reasons given, the judgment of the trial court as to the defendants Sam Blumentritt, Louis Blumentritt, Rosa Straach, and husband, Ewald Straach, is in all things affirmed; and the judgment as to the defendant F. Blumentritt is reversed and remanded for another trial.

Affirmed in part, and in part reversed and remanded.