## MARBLE FALLS TEXTILE MILLS CO. v. BARMORE. (No. 7299.)

Court of Civil Appeals of Texas. Austin. Jan. 18, 1929.

Rehearing Denied Feb. 6, 1929.

Bartlett, Carter, & Rice, of Marlin, for appellant.

E. A. Wallace, of Cameron, for appellee.

McCLENDON, C. J. Appeal from an interlocutory order overruling a plea of privilege seeking to have the suit transferred to McLennan county, where appellant had its principal office and agency in Texas.

The suit was by appellee against appellant to cancel two stock subscription contracts and notes, and for damages on the ground that appellant's agent in the negotiations fraudulently represented that he had authority to bind appellant in the execution of a collateral contract by which appellant agreed to resell the stock for appellee at a premium. The only question which the appeal presents is whether the evidence raises the issue of the agent's authority to bind appellant in the representations made.

The facts are simple, and where material are without dispute. The sales contracts were made upon printed forms of appellant, and contained the following clause: "It is understood that the above and foregoing is a contract between the undersigned and the Marble Falls Textile Mills Company, and that all the terms and provisions contemplated or intended are fully set out herein and no agent has authority to alter, change, modify, abrogate, or in any way affect the provisions of this contract, and no oral or written agreement and no statement or promise made by any agent not included in the above provisions of this contract, shall be binding upon the Marble Falls Textile Mills Company."

At the time the first contract was executed, appellant's agent signed a written agreement upon the letterhead of appellant, binding appellant to sell the stock for appellee at a premium of $5 a share, on or before six months from date, and to extend appellee's payment notes when due to suit his convenience without interest. This agreement was signed, "Marble Falls Textile Mills Company, per N. G. Cohn, Authorized Agent." The evidence showed, that Cohn represented to appellee that he had authority to make this contract, that appellee relied upon it and would not have signed the sales contract but for such reliance, and that these fraudulent representations were made in Milam county. The contention of appellant that it was not bound by the false representations of its agent rests upon the following well-established principles of law:

(1) In tort, the same as in contract, to bind the principal, the agent must be acting under an authority actual or apparent.

(2) One dealing with an agent is bound at his peril to ascertain the extent of his authority.

(3) Neither agency nor the extent of the agent's authority can be proved by the declarations or representations of the agent.

(4) The sales contract which appellee signed carried on its face notice of the limitations of the agent's power to bind his principal.

We have had no little difficulty in determining the question thus presented, but have concluded that the case is ruled by the principles announced in Thompson v. Sawyers, 111 Tex. 374, 234 S. W. 873.

It has been held in a number of cases that fraudulent representations of fact with reference to the subject-matter of a contract inducing its execution may be shown, even though the contract carries upon its face, as in the present instance, notice that the agent has no authority to bind his principal by oral or written representations or promises other than those embodied in the contract.

The question here, however, is somewhat different. No complaint is made with reference to any of the terms of the sales contract, but the entire cause of action is based upon fraudulent representations of the agent that he had authority to bind his principal in the collateral undertaking. It may be argued with much force that, if the agent did not have the authority, actual or apparent, to bind his principal contractually in the execution of the collateral agreement, then he did not have the authority, actual or apparent, to bind his principal in the fraudulent representation of fact that he had such authority as forming the basis of an action for deceit. The distinction may be a narrow one, but our interpretation of the holding in Thompson v. Sawyers, is to put the two grounds of recovery, one ex contractu and the other ex delicto, upon an entirely different basis. In that case, the plaintiff, a book publishing company, sold defendant a set of law encyclopedia on the installment plan. The contract had a provision similar to that in the sales contract above quoted. In defense of an action by the book company upon the installment contract, the defendant pleaded that its agent "represented and agreed that it would continue to publish and deliver to appellee annual supplements, for a period of not less than 15 years, or for so long as appellee should live or continue to practice law; that appellant knew at the time that it would not be able to issue annual supplements; that the representation and promise that appellant would issue and furnish supplements, for the time stated, was false and fraudulent and was intended to deceive appellee," etc. The evidence supported these allegations. In answer to certified question as to the admissibility of this evidence, the Supreme Court, Associate Justice Greenwood writing, say:

"We think appellee's answer, fairly construed, alleges that he was deceived into executing the writing sued on by means of a representation or promise, by appellant, not only not performed, but, at the time made, not intended to be performed. So construing the answer, it set up such fraud on the part of appellant as would entitle appellee to a rescission of the written contract with a recovery of the payments he had made, or to an award of damages for the injury he had sustained. Cearley v. May, 106 Tex. 444, 167 S. W. 725; Chicago, T. & M. C. Ry. Co. v. Titterington, 84 Tex. 223, 31 Am. St. [Rep.] 39, 19 S. W. 472.

"Promises made without intention of fulfillment, in order to induce others to make contracts, are as culpable and as harmful, as are willful misrepresentations of existing facts. Hence, contracts may be avoided alike for such fraudulent promises and for such misrepresentations."

In principle we see no controlling distinction between a fraudulent representation of what the principal will do in the future and a fraudulent representation of an existing authority to bind the principal in a promise or contract to perform a future act. Con-

ceding Cohn's want of authority to bind appellant in the collateral agreement, we hold, under the authority of Thompson v. Sawyers, that his fraudulent representation that he possessed such authority might form the basis of an action for fraud, the venue of which would lie in the county where the fraud was committed. R. S. art. 1995, subd. 7, as amended by Gen. & Sp. Acts of 1927, 1st Called Sess. p. 197, c. 72, § 1.

The order appealed from is affirmed.

Affirmed.