## ANDERSON v. ANDERSON.

### No. 4031.

Court of Civil Appeals of Texas. Texarkana.
May 14, 1931.

910

Caven & Caven, of Marshall, for appellant.
Beard & Abney, of Marshall, for appellee.

LEVY, J. (after stating the case as above).

The appellant predicates error in not awarding the appellee a simple judgment for $2,000 with interest, as in the nature of damages only for the breach of the contract to build a house. It is pointed out that the appellee was not entitled to a decree setting aside the release of the lien of the deed· of trust without the restoration or offer to restore what she had received for the release by way of money and property. The plaintiff did not restore or offer to restore the $1,000 in money nor offer to reinvest the defendant with the legal title to the city lots. The rule sought to be invoked by the appellant is a general one applicable to a suit for cancellation for fraud of an instrument or a transaction. In order that complete relief may be awarded both the defendant and the plaintiff, it is the prime essential in the remedy of rescission of a contract or a transaction that the plaintiff should restore or offer to restore the money or property received, whenever restoration of what has been received is required. 2 Black on Rescission and Cancellation, § 616; Stewart v. Rwy. Co., 62 Tex. 246; Adams v. Loftin (Tex. Civ. App.) 1 S.W.(2d) 429; and many similar cases. Ordinarily where the contract or transaction was entire the complainant must restore the whole consideration and not a part only. There is, however, an exception to the aforementioned general rule as to the necessity of restoration on the part of the complainant in order to obtain relief. The exception is founded in the principle that the complainant or one seeking the rescission of a transaction· on the ground of fraud is not required to make restoration of that which in

any event he would be entitled to retain, either by virtue of the contract sought to be set aside or of the original liability. 9 C. J. § 97, p. 1210; 7 Tex. Jur. § 47, p. 961; 4 R. C. L. § 24, p. 512; 2 Black on Rescission and Cancellation § 621; 5 Pomeroy, Eq. Jur. (2) 2110; Ry. Co. v. Jowers (Tex. Civ. App.) 110 S. W. 946; Oar v. Davis (Tex. Civ. App.) 135 S. W. 710; Chambers v. Wyatt (Tex. Civ. App.) 151 S. W. 864; Cearley v. May, 106 Tex. 442, 167 S. W. 725. Quoting from 2 Black. § 621, supra: "One seeking the rescission of a contract or other transaction is not required to make a tender or offer of restoration of that which he would be entitled in any event to retain, that is, either by virtue of original liability of the other party, if the contract should be rescinded, or under the contract itself, if rescission should be refused."

5 Pomeroy, § 2110, supra: "Neither is a party obligated to return that which he will be entitled to retain, even though a cancellation be decreed."

9 C. J. § 97, supra: "One who seeks to rescind an instrument is not bound to restore that which he would be entitled in any event to retain."

■ This exception, it is thought, has peculiar application to the facts and governs the present case. As appears, the $1,000 cash and the city lots of the value of $7,000, aggregating $8,000, received by the appellee, was intended and understood by both the appellant and the appellee to be at the time a partial payment on the $10,000 note, which had fallen due. The amount of the indebtedness, evidenced by the note, was, without dispute, just and owing as a valid debt. And the $10,000 indebtedness was intended by the parties at that time to be reduced and discharged by the amount of the partial payment so made and no more. The balance of the $2,000, remaining due on the note at the time, was to be paid merely by another mode of payment; that is, by way of building a house instead of in cash money. In such circumstances a restoration or the offer thereof of the partial payments was unnecessary prior to the commencement of the present action, for such conditions as might be essential for the protection of the appellant could be inserted in the judgment ultimately rendered. The partial payments so made could be and should be taken into account in the award of relief to the appellee. As for instance, if her action for cancellation of the release of the lien should fall, she nevertheless would be entitled to the partial payment received by virtue of the transaction itself, for it was only a part of what should have been paid to her in the first instance. If, on the other hand, she were entitled to have decreed the relief of cancellation asked, the partial payments to her could be and should be credited, as was here done, upon the total liability of the original indebtedness of $10,000, for, as a matter of law, the credits would have to be allowed in estimating the amount of the judgment. Holland v. Cook, 10 Tex. 244; Harland v. Hendricks, 19 Tex. 292.

It is believed that the trial court has correctly ruled on the facts and entered the proper judgment, and that such judgment should be affirmed.