# FRIEND *v.* TALCOTT.

## CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 155. Argued January 30, 31, 1913.—Decided April 7, 1913.

Under the Bankruptcy Act of 1898, as amended in 1903, a creditor is not bound to elect which remedy he will pursue against the bankrupt on a contract where the right to sue in tort also exists; nor does he waive his right to sue on the tort for balance of his claim by accepting his dividend under a composition. *Crawford* v. *Burke,* 195 U. S. 176.

Under the Bankruptcy Act of 1898, as amended in 1903, there are certain classes of creditors excluded from the act altogether and others who, although included therein, are excepted from the operation of the discharge. In this respect the act of 1898 differs from that of 1841, and follows that of 1867.

To constitute *res judicata* there must be identity of cause between the two cases. That identity does not exist between the granting of a general discharge in bankruptcy and an action for the balance of a debt excepted by the act from the operation of the discharge.

A creditor, after unsuccessfully opposing a composition and a discharge in bankruptcy on the ground of fraud in creating the debt, accepted the dividend and then sued for the balance on the ground that the debt was excepted from the discharge: *Held* that there was no waiver of the right to sue on the tort by accepting the dividend, nor was the granting of the discharge *res judicata* of the claim for the balance of the debt.

179 Fed. Rep. 676, affirmed.

THE facts, which involve the right of a claimant who has accepted a dividend under a composition to recover against the bankrupt after the discharge on the ground of deceit prior to the bankruptcy, are stated in the opinion.

*Mr. Chester E. Cleveland,* with whom *Mr. Jacob Newman, Mr. Salmon O. Levinson* and *Mr. Benjamin V. Becker* were on the brief, for petitioners:

Talcott has had his day in court on the issue as to whether or not his claim is barred by the discharge of the bankrupts, and they ought not to be twice vexed with the same controversy.

The business was all partnership business; the supposed financial statement was made by the bankrupts or on behalf of them as a partnership; and their discharge in bankruptcy was as partners. *In Re Bertenshaw,* 157 Fed. Rep. 363; see dissent; *Vaccaro* v. *Security Bank,* 103 Fed. Rep. 436; *Dickas* v. *Barnes,* 140 Fed. Rep. 849; *Tumlin* v. *Bryan,* 165 Fed. Rep. 166; *Re Purley & Hays,* 138 Fed. Rep. 927; *Re Forbes,* 128 Fed. Rep. 137; *Francis* v. *McNeal,* 186 Fed. Rep. 481.

The adjudication of the Bankruptcy Court cannot be said to be binding upon one part or capacity and not binding upon the other part or capacity. 24 Am. & Eng. Ency. 735 *et seq.; Corcoran* v. *C. & O. Canal Co.,* 94 U. S. 741, 745; *United States* v. *California Co.,* 192 U. S. 355.

The jurisdiction of the Bankruptcy Court was invoked to hear and determine whether or not the bankrupts should be denied a discharge because they had obtained property on credit by means of a materially false statement in writing, and the creditor is bound by the adjudication on that issue. *Starbuck* v. *Starbuck,* 173 N. Y. 503; *Hewitt* v. *Northrup,* 75 N. Y. 506, 510; 11 Am. & Eng. Enc. of Law, 446, 447.

While the precise cause of action set forth in the present declaration may not have been involved in the bankruptcy proceeding, nevertheless the precise issue as to the effect upon a discharge of the facts relating to the statement to the agency was involved in the bankruptcy proceeding as well as in the present action; it is therefore such a *res judicata* as is known as an estoppel by verdict. 24 Am. & Eng. Enc. of Law, 714, 780; *Southern Pac. R. R. Co.* v. *United States,* 168 U. S. 1, 48; *Stone* v. *United States,* 64 Fed. Rep. 667, 670.

The adjudication was no less conclusive because it was upon a question of law rather than upon a question of fact. *Bissel* v. *Spring Valley*, 124 U. S. 225, 232; 24 Am. & Eng. Enc. 799; *Gould* v. *Evansville R. R. Co.*, 91 U. S. 526, 533; *Nor. Pac. R. R. Co.* v. *Slaght*, 205 U. S. 122.

The conclusive effect of the adjudication is not destroyed by the fact that the decree of the Bankruptcy Court was erroneous. *Gunter* v. *Atlantic Coast Line*, 200 U. S. 273, 290; *Deposit Bank* v. *Frankfort*, 191 U. S. 499, 510.

The record of the bankruptcy proceedings evidenced an election of remedies by respondent, which barred his suit for fraudulent representations.

By filing a claim for goods sold and thus affirming the contract, respondent waived all claims for deceit. *Tindle* v. *Birkett*, 205 U. S. 183; *Adler* v. *Fenton*, 24 How. 407; *Lincoln* v. *Claflin*, 7 Wall. 132; *Simon* v. *Goodyear Co.*, 105 Fed. Rep. 573.

The judgment of the Bankruptcy Court allowing his claim for goods sold, operated as a merger of all his causes of action.

A judgment merges not only the cause of action sued on but all concurrent remedies, even if consistent. *Barth* v. *Loeffelholtz*, 108 Wisconsin, 562; *Caylus* v. *N. Y., K. & S. R. R. Co.*, 76 N. Y. 609; *Bowen* v. *Mandeville*, 95 N. Y. 237; *Morgan* v. *Skidmore*, 3 Abb. N. Cas. (N. Y.) 92; *Brumbach* v. *Flower*, 20 Ill. App. 219.

The order of a court of bankruptcy allowing a claim is a judgment. *Kuehling* v. *Leberman*, 2 Wkly. N. C. (Pa.) 616; *Mitchell* v. *Mayo*, 16 Illinois, 83; *Wheeler* v. *Dawson*, 63 Illinois, 54. The fact that such judgment is not as efficient as another remedy might be, does not change the rule. *Karr* v. *Barstow*, 24 Illinois, * 580.

One appearing in the bankruptcy proceedings and opposing the discharge elects to treat his claim as one not excepted from the operation of the discharge.

The order confirming the composition discharged the bankrupts from Talcott's claim. Talcott's claim was provable. *Crawford* v. *Burke*, 195 U. S. 176. It is not excepted from the operation of a discharge. *Tindle* v. *Birkett*, 205 U. S. 183.

The confirmation of a composition has the same effect as a discharge. Bankruptcy Act 1898, § 14*c*.

*Mr. Albert M. Kales*, with whom *Mr. Horace Kent Tenney* and *Mr. Roger Sherman* were on the brief, for respondent:

The confirmation of the composition is no bar to the present suit.

There is no estoppel by judgment.

The two causes are not the same.

There must be identity of parties, subject-matter and cause of action. *Markley* v. *People*. 171 Illinois, 260; *Wright* v. *Griffey*, 147 Illinois, 496.

The subject-matter of the two proceedings is different. *Re Mussey*, 99 Fed. Rep. 71.

In the bankruptcy case the rights of the debtors to a discharge are involved. In the present suit, the right of Talcott to recover damages is involved.

Identity in interest of the parties is also wanting.

There is no estoppel by verdict. *Riverside Co.* v. *Townshend*, 120 Illinois, 9; *Harrison* v. *Remington Paper Co.*, 140 Fed. Rep. 385; *Southern Pacific R. R. Co.* v. *United States*, 168 U. S. 1.

A judgment rendered upon demurrer is sometimes conclusive of the facts confessed by the demurrer. *Bissel* v. *Spring Valley*, 124 U. S. 225.

Talcott's cause of action was therefore established in the Bankruptcy Court. *Re Thomas*, 92 Fed. Rep. 913.

The order of discharge was a mere official form. Official Form No. 62, Collier on Bankruptcy (9th ed.), p. 1160,

One who has a claim that is not dischargeable will not be heard to object to a discharge. *In re Servis,* 140 Fed. Rep. 222.

The finding of the court in the order of discharge that the bankrupts had not done any act barring a discharge, not being supported by evidence, is not binding. *Burleigh* v. *Foreman,* 12 Am. B. R. 88; 3 Cyc. 362.

The burden of proof is on him who claims an estoppel by verdict. The burden has not been sustained by the defendant. *Russell* v. *Place,* 94 U. S. 606; *Harrison* v. *Remington Paper Co.,* 140 Fed. Rep. 385, 400; *Cromwell* v. *Sac County,* 94 U. S. 351; *Southern Co.* v. *St. Paul Co.,* 55 Fed. Rep. 690; *Enfield* v. *Jordan,* 119 U. S. 680, 691.

A misrepresentation to a third person is as effectual as a basis for an action of deceit as a direct representation to the one who is deceived. *Katzenstein* v. *Reid,* 41 Tex. Civ. App. 106.

If the record leaves it uncertain whether the judgment in the first case was based on a fact essential to plaintiff's recovery in the second case, there is no estoppel. *Hudson* v. *Remington Paper Co.,* 71 Kansas, 300, 304.

Proving a claim in the Bankruptcy Court or taking judgment in assumpsit does not waive the claimant's right to sue for deceit. *Katzenstein* v. *Reid, supra; Standard Sewing Machine Co.* v. *Kattel,* 132 App. Div. (N. Y.) 539; *In re Lewensohn,* 99 Fed. Rep. 73, 74, aff'd 104 Fed. Rep. 1006; *Standard Sewing Machine Co.* v. *Alexander,* 68 S. Car. 506; *Frey* v. *Torrey,* 70 App. Div. (N. Y.) 166; *S. C.,* 175 N. Y. 501; *Mallory* v. *Leach,* 35 Vermont, 156; *Bowen* v. *Mandeville,* 95 N. Y. 237; *Sheldon* v. *Clews,* 13 Abb. (N. C.) 41; *Whittier* v. *Collins,* 15 R. I. 90; *Union Cent. Life Ins. Co.* v. *Scheidler,* 130 Indiana, 214; *Standard Sewing Machine Co.* v. *Owings,* 140 N. Car. 503; *Norton* v. *Huxley,* 13 Gray (Mass.), 285; *Brumbach* v. *Flower,* 20 Ill. App. 219, aff'd 131 Illinois, 646; *Bacon*

OCTOBER TERM, 1912.

v. *Moody,* 117 Georgia, 207; *Drainage District* v. *Dowd,* 134 Ill. App. 499.

The same was held under the Bankruptcy Act of 1867. *Strang* v. *Bradner,* 114 U. S. 555, 560; *Stokes* v. *Mason,* 10 R. I. 261; *McBean* v. *Fox,* 1 Ill. App. 177.

The decision in the case of *Frey* v. *Torrey, supra,* is not affected by subsequent decisions. *Tindle* v. *Birkett,* 183 N. Y. 267; *Maxwell* v. *Martin,* 130 App. Div. (N. Y.) 80; *Crawford* v. *Burke,* 195 U. S. 176; *Tindle* v. *Birkett,* 205 U. S. 183.

There is no inconsistency between a suit in assumpsit based on a contract, and an action for deceit for false representations in inducing the making of the contract. *Bowen* v. *Mandeville,* 95 N. Y. 237; *Siltz* v. *Springer,* 236 Illinois, 276; *Mallory* v. *Leach,* 35 Vermont, 156.

Filing a claim in the Bankruptcy Court and having it allowed does not effect a merger with a claim for deceit in obtaining the property by false representations.

Those who have claims not released by a discharge, are not "parties in interest." Collier on Bankruptcy (9th ed.), p. 262; *In re Servis,* 140 Fed. Rep. 222.

The confirmation of composition did not discharge Talcott's claim for deceit.

The Bankruptcy Act expressly excepts liabilities for procuring property by false representations from the effect of a discharge. Bankruptcy Act, § 17a (2).

Before the amendment, the act excepted from discharges only judgments based on false representations. *Crawford* v. *Burke,* 195 U. S. 176.

A discharge does not release liabilities arising out of deceit or any tort excepted by the statute. *In re Lewensohn,* 99 Fed. Rep. 73; *Taylor* v. *Farmer,* 81 Kentucky, 458; *Turner* v. *Atwood,* 124 Massachusetts, 411; *Nelson* v. *Petterson,* 131 Ill. App. 443, 450, aff'd in 229 Illinois, 240; 82 N. E. Rep. 229; *Katzenstein* v. *Reid, supra.*

One holding a judgment that' is not dischargeable under the act may oppose a discharge and still recover on the judgment. *Tinker* v. *Colwell,* 193 U. S. 473; *Audubon* v. *Shufeldt,* 181 U. S. 575.

The proper practice is to grant a discharge and try the question whether a given claim is barred by the discharge when a suit is commenced on such claim. Collier on Bankruptcy (9th ed.), p. 311; *In re Rhutassel,* 96 Fed. Rep. 597; *In re Thomas,* 92 Fed. Rep. 912; *In re Tinker,* 99 Fed. Rep. 79.

Sections 14 and 17 are not in conflict. Under them a creditor has two rights, first, to prevent a discharge, and, second, to recover for the fraud practiced on him.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

On February 1, 1904, the commercial firm of Friend, Moss & Morris, and its members, were adjudicated bankrupts. As the issues here to be considered are unaffected thereby and the subject was treated as irrelevant by the courts below and no question concerning it is insisted on by the respondent, we put out of view an order subsequently made setting aside the adjudication as to the members of the firm individually.

Talcott, the respondent, was allowed a claim for $3,204.91, the unpaid price of goods sold to the firm on credit. The firm, availing of the right to make a composition with its creditors, given by §§ 12 and 13 of the Bankruptcy Act of July 1, 1898, c. 541, 30 Stat. 544, 549, asked the court to approve a proposed composition. Talcott, among others, opposed, upon the ground that the bankrupt had procured the sale on credit of the goods, the price of which formed the basis of his (Talcott's) allowed claim, by means of false reports made to a commercial agency of the financial condition of the firm. The

specification of the grounds of objection just stated is
reproduced in the margin.[1]

Before a master the bankrupt contended that the ob-
jection of Talcott was insufficient because even if the facts
were true they were inadequate to prevent the approval
of the composition. The master, accepting that view,
without taking testimony, reported in favor of approval.
The report on the subject was as follows:

"As to specification No. 8 of James Talcott, referred to,
I am of the opinion that a reasonable and proper con-
struction of section 14b (3) would require the 'materially
false statements in writing' to be made directly to the
creditor in question, and I deem the allegations in this
specification which are to the effect that the alleged false
statement was made to a commercial agency to be in-

---

[1] That said bankrupts obtained from said James Talcott and from
other creditors property upon credit upon a materially false statement
in writing made to said creditors for the purpose of obtaining such
property upon credit; that said statement was so made on or about
the 21st day of January, 1903, to Woods Dry Goods' Commercial
Agency, which, as said bankrupts knew, was a commercial agency
engaged in the business of receiving statements of the financial con-
dition of persons applying for the purchase of goods upon credit and
to be communicated to those from whom they sought such credit;
that said statement was duly communicated to said James Talcott
and to others by said Commercial Agency for the purpose of being
acted upon by them in selling goods to said bankrupts upon credit,
and that thereafter said James Talcott and others did sell and deliver
goods to said bankrupts upon credit, relying upon said statement;
that by the statement so made in writing by said bankrupts it was
averred that they had a net surplus on January 1st, 1903, of ninety-
two thousand nine hundred and eighty-eight and 95–100 dollars over
and above all debts and liabilities, whereas, in truth and in fact, they
had no surplus over and above their debts, but were wholly insolvent.
All of which facts were well known to said bankrupts at the time said
statement was made, but were not known to said James Talcott and
other creditors who sold goods to said bankrupts in reliance upon
said statement, until after the filing of the petition in bankruptcy
herein.

sufficient, and I am of the opinion that the specification should be overruled for this reason."

This report was objected to by Talcott on the ground that the master erred in refusing to take proof as to the alleged false statements and in treating them as legally insufficient. The objections were overruled and the report was confirmed. The order of confirmation, following the requirements of paragraph *d* of § 12 (30 Stat. 550), recited that the composition was "for the best interest of the creditors," and "that the bankrupt has not been guilty of any of the acts or failed to perform any of the duties which would be a bar to a discharge." The result was to give the bankrupt a general discharge in virtue of subdivision *c* of § 14 (30 Stat. 550), which says: "The confirmation of the composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge."

In April, 1905—about a year after the composition— Talcott commenced this action to recover from the former bankrupt firm the damages suffered by him because of deceit practiced in procuring the sale of goods on credit. The deceit relied upon was the deceit which had been alleged as a basis for the opposition to the composition, that is, false reports made in writing to a commercial agency as to the financial condition of the firm, except that in one count no mention was made of the commercial agency. On the face of the declaration the sales asserted to have been made were the same sales the price of which formed the basis of the claim filed and allowed, and if not accurately, at least approximately the amount of the damage sought to be recovered was the difference between the aggregate price of such sales diminished by the extent of the distribution paid upon the composition. In addition to the general issue the defendants set up as *res judicata* the order arising from confirmation of the com-

position.  The cause was heard upon the issue of former adjudication, and judgment was entered in favor of the defendants, the judgment reciting that the matters and things involved in the suit had been fully adjudicated in the bankruptcy proceedings.  On reviewing the cause the Circuit Court of Appeals concluded that the act of Talcott in going into the bankruptcy proceedings and proving his claim as one on contract did not constitute an election by him to be bound by the discharge if otherwise under the Bankruptcy Act the claim was excepted from such discharge, and that the fact of participating in the bankruptcy proceeding for the purpose of obtaining the benefits of the distribution therein made was not a waiver by Talcott of his right to proceed in an action for deceit to collect the deficiency notwithstanding the discharge. The court, moreover, decided that the opposition to the composition, its confirmation and the resulting general discharge did not constitute the thing adjudged, estopping Talcott from asserting that his claim for damages suffered by the deceit was not embraced by the discharge.

The judgment of the trial court was therefore reversed—179 Fed. Rep. 676—and the case is here on the allowance of a certiorari.

There is a contention that the questions of waiver and election, although passed on by the court below, are not open for our consideration because it is asserted they were not raised in or considered by the trial court.  As we think the contention is without merit, we proceed to dispose of the propositions concerning election and waiver and res judicata.  In doing so we shall direct our attention to four propositions taken from one of the printed arguments on behalf of the petitioners and which we think embrace all the contentions relied upon.  The propositions are these:

1. The record of the bankruptcy proceedings evidenced

an election of remedies by respondent which barred his suit for fraudulent representations.

2. The order confirming the composition discharged petitioners from respondent's claim.

3. The order confirming the composition was a complete adjudication against respondent's right of action.

4. Neither the reasons assigned by the District Court for holding respondent's specifications insufficient, nor such holding itself, detract from the legal efficacy of the order confirming the composition as an adjudication of the rights of the parties.

At the outset it is to be observed that the propositions are redundant since they really involve only two distinct contentions: first, election and resulting waiver from the proof by Talcott of his claim in bankruptcy and his participation in the distribution arising from the composition, and second, the binding force of the discharge on the claim of Talcott, because of the force of the thing adjudged resulting from the order approving the composition over the objection of Talcott and the general statutory discharge which resulted.

Coming to dispose of the first contention, we put out of view as irrelevant much that is urged in argument concerning what constitutes an election and waiver in the general sense, since the question here for decision is only whether there was a waiver or election under and for the purposes of the bankrupt law.

The theory of election and waiver arising from the proof of the claim in bankruptcy as one upon contract where the right to sue in tort also existed must rest upon the assumption that it was within the power of the creditor to exercise an election to come under the operation of the bankruptcy proceedings and thus to be bound by the result of such proceedings or to stay out and escape the operation of the act. This must be the case, as it is impossible to conceive of a right of election in a case where

no such right existed. But this theory has been expressly decided to be without foundation. *Crawford* v. *Burke*, 195 U. S. 176. In that case the ruling was that where a debt was of such a character as to cause it to be within the power of the creditor to enforce the same as an obligation arising on contract or if he chose to do so as one in tort, as from the point of view of contract the debt was provable in bankruptcy, even conceding that it might not be so provable if the tort was relied upon, that it was the duty of the creditor to prove as under contract, and if he abstained from so doing his debt or claim being provable was operated upon and barred by the proceedings. The theory of election and waiver being thus established to be unreal, there is of course nothing left for the proposition to rest upon. But it is said *Crawford* v. *Burke* is inapposite because in that case although the claim under consideration involved both the elements of contract and tort, as no judgment had been entered establishing the tort, under the bankrupt law as then existing the debt was not excepted from a discharge, while here, in consequence of the amendment of 1903, the debt if there has been no waiver is excepted from the discharge. This being the case it is urged that an election and waiver resulted from the act of the debtor in proving his claim as on contract and thus taking advantage of the bankruptcy proceedings and thereby obtaining rights or benefits which he would not have had if he had stayed out and thus saved his right to be freed from the operation of the discharge. But this distinction is also wholly without foundation. Its error lies in assuming that the right which the bankrupt act confers upon enumerated classes of debts to be exempt from the operation of a discharge rests upon the conception that such debts are exempt because they are excluded from the act and may not participate in the distribution of assets. That is to say, the confusion lies in not distinguishing between creditors who are ex-

cluded from the bankrupt act and those who although included therein have had conferred upon them the benefit of an exception from the operation of the discharge. Even a superficial analysis of the text of the Bankruptcy Act will make this clear. Thus § 63*a* and *b* (30 Stat. 562) enumerates the debts which may be proved and which are therefore entitled to participate in the benefits of the act and are bound by its provisions, including a discharge. Section 17 (30 Stat. 550) enumerates the debts not affected by a discharge, that is, those exempted from its operation. It is apparent that the exemptions do not rest upon any theory of the exclusion of the creditor from the bankrupt act or of deprivation of right to participate in the distribution, but solely on the ground that although such rights are enjoyed, an exemption from the effect of the discharge is superadded. The text leaves no room for any other view, since the exceptions in terms are accorded to certain classes of debts which are provable under § 63, and therefore debts which are entitled to participate in the distribution, the language being: "A discharge in bankruptcy shall release a bankrupt from all of his *provable* debts, except such as," etc.

And a brief reference to the more important of the prior bankruptcy acts throws abundant light on the text. The Bankruptcy Act of August 19, 1841, c. 9, 5 Stat. 440, in the first section comprehensively stated the classes of claims which were embraced within its scope and expressly excluded certain enumerated classes. No exemption from the operation of a discharge when granted was conferred, and therefore all who were within the scope of the act, while enjoying its benefits, were bound by its burdens. Under this act, in *Chapman* v. *Forsyth,* 2 How. 202, it was held that although a claim was excluded from the law if brought in by the voluntary act of the creditor and he thereby participated in the distribution, the creditor by such election waived his right to

be treated as not bound by the statute, and consequently
the debt or claim was discharged. The Bankruptcy Act
of March 2, 1867, c. 176, 14 Stat. 517, presumably to
correct the injustice which arose from excluding from
all participation in the distribution of assets those credit-
ors whom it was thought because of the meritorious na-
ture of their debt should not be bound by the discharge,
departed from the system of excluding such creditors
from the act and on the contrary adopted the principle
of including them in the benefits of the act and yet at
the same time exempting them from the operation of the
discharge. To accomplish this result, § 19 of the act
(14 Stat. 525) made a most comprehensive enumeration
of provable debts, including as well unliquidated damages
for torts as for breaches of contracts. Those things
which in the act of 1841 were stated to be excluded from
the operation of the act were embodied in a particular
section (§ 33, 14 Stat. 333) dealing with exemptions from
discharge, and to avoid all possible misconception the
section provided " . . . but the debt may be proved,
and the dividend thereon shall be a payment on account
of said debt." It is obvious that the present act embodies
the same policy, since the exemptions from discharge
which are given by the statute are found in a section de-
voted to that subject and are stated in words, as we have
said, to be exemptions from discharge allowed in favor
of provable debts, that is, debts entitled to participate
which are given the benefit of an exemption from the
operation of the discharge.

While the considerations just stated dispose of the
question of waiver and election, they virtually also serve
to indicate the error which underlies the contention as to
*res judicata*, that is, a confusion of thought arising from
treating things which are different as one and the same.
To constitute *res judicata*, it is elementary that there must
be identity of cause between the two cases. In view of

the text of the bankrupt law, the distinction which it makes between the general discharge and the right of a particular creditor to be exempt from the operation of such discharge it needs but statement to demonstrate the difference of cause which necessarily obtains between determining on the one hand in favor of the bankrupt whether he is entitled to a general discharge and of deciding on the other, as between a particular creditor and the bankrupt, whether the claim of that creditor is of such a character as to be exempt from the operation of a discharge. Nothing could more clearly emphasize the distinction which exists between the two subjects—that is, the granting of a general discharge and the question after it is granted whether a particular debt is exempted by law from its operation—than does the provision of the statute (§ 14*c*, 30 Stat. 550) authorizing a general discharge as the result of an approval of a composition, since it expressly reserves from the operation of such discharge of the bankrupt from his debts, "those not affected by a discharge." It is elaborately argued, however, that whatever be the infirmity of the decree of confirmation as *res judicata* in the complete sense, that decree was necessarily binding in so far as it established relevant facts which were at issue between the parties and therefore is here conclusive. But the proposition rests upon an unfounded assumption, as nothing in the assertion of the right to be exempt from the operation of the discharge here relied upon involves a traverse or denial of any relevant fact established as a result of the approval of the composition. On the contrary, as we have seen, the facts here relied upon to establish the exemption from discharge, are the facts which were conceded to exist and were not traversed for the purpose of the hearing on the composition.

Conceding for the sake of argument that the facts which were alleged as the basis of the opposition to the approval

of the composition were sufficient, had the law been rightly
applied, to have prevented the approval of the composition,
such concession would afford no ground for holding that
because one case in matter of law was erroneously decided,
that such decision should conclusively establish the duty
to erroneously decide another and distinct case. If, on
the other hand, it be conceded that the composition was
rightfully approved, as the determination of that subject
did not under the very terms of the statute involve passing
upon the separate and distinct claim of creditors to be
exempt from the operation of the discharge, it results
that in no view of the case is there merit in the contention
as to *res judicata.* The contentions urged in many forms
based upon the recitals in the order of confirmation of
the composition made conformably to the statute as to
the absence of fraud or other wrongdoing, etc., is but a
reiteration of the contention as to *res judicata* which we
have shown to be without foundation.

                                        *Affirmed.*