RAILROAD EMPLOYEES' PERSONAL LOAN COMPANY, A CORPORATION OF THE STATE OF NEW YORK, PLAINTIFF-APPELLANT, v. FRANK DILLON, DEFENDANT-RESPONDENT.

Submitted May 2, 1939—Decided July 31, 1939.

Before Justices Case and Heher.

For the plaintiff-appellant, *Wilbur L. Ross.*

Case, J. Plaintiff's state of demand alleged that on or about January 28th, 1938, the defendant obtained a loan of money from the plaintiff upon representations that were false and were known by the defendant when he made them to be false. The suit was brought on November 22d, 1938, after the defendant had been adjudicated, but not discharged, as a bankrupt. The discharge was on December 12th, 1938. Plaintiff was listed in the bankruptcy schedules as an unsecured creditor, appeared and participated in an examination of the bankrupt in the bankruptcy court and did not interpose

objections to the discharge. Defendant's motion to dismiss the state of demand was upon the ground that under these facts it did not set forth a cause of action. The motion was granted, and the appeal is from the judgment entered thereon.

Section 17 of the Bankruptcy act provides as follows:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) are due as a tax levied by the United States, or any State, county, district or municipality; (2) are liabilities for obtaining money or property by false pretenses or false representations * * *."

Appellant's contention is that inasmuch as the motion to dismiss the state of demand concedes the truthfulness of the allegations of fact therein, it must be assumed that the liability sued upon was for obtaining money by false pretenses and that, therefore, the discharge in bankruptcy did not release the bankrupt from that liability. We find that under the statute the plaintiff could treat its claim as non-dischargable. *Collier on Bankruptcy* (13th ed.) § 17; *Lee* v. *Tarplin,* 194 *Mass.* 47; 79 *N. E. Rep.* 786; *Friend* v. *Talcott,* 228 *U. S.* 27; 57 *L. Ed.* 718; *Pettit* v. *Port Newark National Bank of Newark,* 110 *N. J. Eq.* 324. The motion to strike the state of demand was an admission, for the purpose of the motion, of the truth of the plaintiff's allegation that the money was procured by false pretenses. *Crawford* v. *Winterbottem,* 88 *N. J. L.* 588.

We conclude that the pleading set forth a cause of action and that the court erred in striking it.

The judgment below will be reversed, with costs.