ESSEX COUNTY COURT OF COMMON PLEAS.

CHESTER-NEAL COMPANY, PLAINTIFF, v. ROGER N. GENERAZZO, DEFENDANT.

Decided June 26, 1942.

For the plaintiff, *Jacob J. Greenman.*

For the defendant, *Salvatore A. Simeone.*

HARTSHORNE, C. P. J.  This case is submitted to the court on stipulated facts, for its opinion on the points of law involved.  Succinctly stated, these facts are that defendant applied to plaintiff May 15th, 1937, for a loan, and to induce same, represented to plaintiff, in writing, that he had no outstanding indebtednesses.  This financial statement was, however, false when made, to defendant's knowledge, in that he owed debts to a series of other finance and merchandising companies.  Of this indebtedness, plaintiff had no knowledge, and relying upon defendant's representations, accordingly made the loan on defendant's note, to be paid in installments beginning October 5th, 1937.

When defendant made no payments thereon over a period of approximately a year, plaintiff, still ignorant of the falsity of these representations, sued defendant on the note and recovered judgment.  Thereafter, and on October 31st, 1939, defendant filed a voluntary petition in bankruptcy, and was duly adjudicated a bankrupt, scheduling plaintiff as a judgment creditor, and likewise scheduling the many other creditors which defendant had, and which he had concealed from plaintiff at the time he induced plaintiff to make him the loan, as stated above.  This was the first plaintiff knew of these false representations.  Plaintiff did not participate in the

bankruptcy, defendant being discharged in bankruptcy February 3d, 1940.

The questions of law submitted to this court are, specifically, whether the present action by plaintiff against defendant, in tort, for his false representations, is barred by either (1) the previous suit on the note, or (2) defendant's above discharge in bankruptcy.

As to the previous suit on the note, defendant claims this as a bar, relying on the doctrines of election of remedies and *res judicata*. But it is fundamental that the doctrine of election of remedies is based, not only upon the existence of two or more remedies, but upon "the inconsistency between such remedies." *Levy* v. *Massachusetts Accident Co. (Court of Errors and Appeals)*, 127 *N. J. Eq.* 49, 51; 11 *Atl. Rep.* (2d) 79; 18 *A. J.* 133, § 9; 20 *C. J.* 21. Moreover, "The essence of the doctrine of election of remedies is the conscious choice, with full knowledge of the facts, of one of two or more inconsistent remedies." *Adams* v. *Camden Safe Deposit Co.*, 121 *N. J. L.* 389; 2 *Atl. Rep.* (2d) 361.

Here it is expressly stipulated that at the time plaintiff sued defendant on his note, he had no knowledge of defendant's fraud, the gist of the present action. In addition, the action on the note, far from being inconsistent with the present action for defendant's false representations, is entirely consistent therewith, and based upon a wrong done plaintiff by defendant, entirely separate from the one based on the fraud. The fraudulent representations were made by plaintiff May 15th, 1937, but it was not till at least five months thereafter that defendant failed to pay his note, and thus committed the wrong on which the first action, for breach of contract, was brought. These separate wrongs each give rise to a separate remedy, at least unless the remedy first taken is *per se* inconsistent with that sought secondly.

Nor does this inherent inconsistency here exist. For in the first suit, brought by plaintiff against defendant, plaintiff sought, not to rescind the note for defendant's fraud, but to enforce the note. And in the pending suit plaintiff seeks, not to rescind the note, but to recover in tort the damages caused him by plaintiff's fraud, including among these the fact that,

"The defendant has made no payment on account of the principal or interest of the aforesaid loan * * * which [despite demand] defendant has failed, neglected, and refused to pay." Had plaintiff, on the contrary, first sued on *quasi*-contract to rescind the note for defendant's fraud, and then sought thereafter to bring the present suit for the same fraud, relying upon the non-payment of the note, his two suits would have been inconsistent. For in the first he would have blown hot in his effort to rescind the note, while in the second he would have blown cold, relying on its execution and non-payment. In short, the present suit is consistent with the previous suit, is based upon an entirely separate and distinct wrong done plaintiff by defendant, and finally, the first suit was brought by plaintiff, not "with full knowledge of the facts," but in utter ignorance of the fraud, the gist of the present action.

Since the gist of the present action is the fraud, which was unknown to plaintiff when he first sued on contract on the note, this issue of defendant's fraud was not even presented to the court for adjudication by either the pleadings or the evidence. The doctrines, both of *res judicata* and election of remedies, are hence inapplicable, in so far as the first suit is concerned, to bar the present action.

As to defendant's discharge in bankruptcy, it is stipulated that until after defendant had listed plaintiff as a judgment creditor on the above note judgment, plaintiff knew nothing whatever of defendant's previous fraudulent representations, and even when he did, did not participate in the bankruptcy proceedings. Since plaintiff's judgment was taken on this action on the note, in which defendant's fraud was not, and could not have been, an issue, plaintiff would have been barred in the bankruptcy proceedings from proving defendant's fraudulent representations, even had he sought to do so, in order to except his then claim from the bar of the bankruptcy discharge. (Bankruptcy Act, section 17, as amended June 22d, 1938; *U. S. C. A., Title* 11, § 35; *Ehnes* v. *Generazzo,* 19 *N. J. Mis. R.* 393; 20 *Atl. Rep.* (*2d*) 513.)

In the *Ehnes* case, a companion one to the present, instituted by another creditor similarly defrauded by this very

defendant, it was expressly held that this creditor had, by reason of taking a similar judgment on a note against this defendant, barred himself, by his own action, from proving, contrary to fact, that this judgment was based upon defendant's fraud. Hence, such judgment was discharged by defendant's bankruptcy, and the creditor could not thereafter proceed to collect such judgment. But the court there expressly reserved the question, now presented, of whether the fraud claim, never previously raised, could still be relied on despite the bankruptcy, and in view of the express exception from bankruptcy discharges of claims based on "obtaining money or property by false pretenses or false representations." (Bankruptcy Act, section 17, *supra*.) Doubtless, this is the very reason why the present creditor, who has similarly been admittedly defrauded by defendant, has brought this present suit.

As seen above, the present suit, based upon defendant's fraud, is based upon a wrong done plaintiff by defendant entirely separate and distinct from that upon which plaintiff was listed as a judgment creditor in the bankruptcy proceedings. Since such fraud was not, and could not have been, adjudicated in such bankruptcy proceedings, such proceedings could not possibly be *res judicata* as to such fraud, so as to bar plaintiff's present suit thereon. And this would follow even though plaintiff might have already been paid a dividend in the bankruptcy proceedings on his contract claim, though, of course, credit would then have to be given for such dividend on any judgment obtained in the present suit. *Friend* v. *Talcott*, 228 *U. S.* 27; *Clair* v. *Colmes* (*Mass.*), 139 *N. E. Rep.* 519; *Gehlen* v. *Patterson* (*N. H.*), 141 *Atl. Rep.* 914; *Collier on Bankruptcy* (14th ed.) 1607, § 17.16.

Nor are *Meier Credit Co.* v. *Yeo*, 127 *N. J. L.* 429; 23 *Atl. Rep.* (2d) 293, or *Myers* v. *International Co.*, 263 *U. S.* 64, at all inconsistent therewith. For in the *Yeo* case the "facts as to fraudulent representations, which were the foundation of the plaintiff's [subsequent] demand in the District Court, could have been determined in the Bankruptcy Court had they been properly presented," for the reason that the creditor was apparently listed as but an ordinary, and not a

judgment, creditor. *Ehnes* v. *Generazzo, supra.* But this is exactly what plaintiff could not do here, as he was a judgment creditor. And in the *International Trust Co.* case, the fraud issue had been expressly ruled on in the bankruptcy proceedings, the court finding that no fraud existed. This is exactly what plaintiff did not, and could not, do in the bankruptcy proceedings in the case at bar. Hence, neither plaintiff's previous suit on defendant's note, nor defendant's previous bankruptcy bar the present suit for defendant's admitted false representations.

Judgment for plaintiff may be entered accordingly in the stipulated amount.