ATLANTIC COUNTY CIRCUIT COURT.

HARRY ROSENTHAL, PLAINTIFF, v. NATHAN LEVIN,
DEFENDANT.

Decided July 8, 1943.

For the plaintiff, *Dreskin & Dreskin* (*David Haar,* of counsel, of the New York bar).

For the defendant, *Albert N. Shahadi.*

BURLING, C. C. J. A petition by the plaintiff was filed in this court setting forth that the plaintiff, on the 1st day of December, 1927, recovered a judgment in this court against the defendant for the sum of $1,459.87, together with costs of suit, and praying an order requiring the defendant to appear and make discovery concerning his property and

things in action. An order was entered by this court on the 15th day of April, 1943, requiring the defendant to appear and make discovery, under oath, concerning his property and things in action before Raymond W. Hurter, Supreme Court examiner.

A petition was thereafter filed with this court praying that said order for discovery be vacated and dismissed.

This matter now comes before this court upon its order to show cause why the prayer of the petition should not be granted and the order for discovery entered on the 15th day of April, 1943, be vacated and dismissed.

It appears that the plaintiff on the 1st day of December, 1927, recovered a judgment in this court for the sum of $1,459.87, together with costs of suit; that on November 12th, 1927, an involuntary petition in bankruptcy was filed against the defendant herein, in the following style:

United States District Court
District of New Jersey

In the Matter of

    Nathan Levin and Louis Levin, individually and as co-partners trading as Levin & Sons,

         Bankrupt

      In Bankruptcy

That an order in said United States District Court confirming a composition with respect to said bankrupt was made May 28th, 1928, in said court; that the plaintiff herein did not file any proof of claim in said bankruptcy proceedings, nor did he receive any part of the consideration disbursed as a settlement by the bankrupt. There is no dispute that the amount of the judgment together with interest and costs remains unpaid. The defendant alleges that his liability upon such judgment is discharged as a result of said bankruptcy proceedings.

The plaintiff opposes the order which is applied for and seeks dismissal of the petition to the end that he may pursue the existing discovery order upon the ground that the claim

of the plaintiff against defendant, being based in fraud, is not dischargeable under the Bankruptcy Act.

A debt may be such that it is not discharged in bankruptcy, even though it may be provable and share in distribution. *Friend* v. *Talcott*, 228 *U. S.* 27; 33 *S. Ct.* 505; 57 *L. Ed.* 718.

The Bankruptcy Act of July 1st, 1898, chapter 541, 30 *Stat.* 544, sometimes called the Nelson Act, was subsequently amended, 11 *U. S. C. A.*, §§ 1, *et seq.*, and the pertinent excerpt of the act relied upon by the plaintiff, in effect at the time of the filing of the petition in bankruptcy in this matter and also at the time of the entry of the judgment in the state court is as follows:

"§ 35. Debts not affected by a discharge. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * *; (second) are liabilities for obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another; * * *." The Code of Laws of United States of America, in force January 3d, 1935. 11 *U. S. C. A.*, § 35.

The introduction into evidence of an order of discharge or its comparable order of composition, places upon the creditor the burden to show cause that because of the nature of the claim the debt sued upon was for statutory reasons excepted from the operation of the discharge. *Freedman* v. *Cooper (Supreme Court*, 1911), 126 *N. J. L.* 177 (at *p.* 179); 17 *Atl. Rep.* (*2d*) 609; *Domato* v. *Ambrose (Supreme Court*, 1939), 122 *N. J. L.* 539 (at *p.* 543); 6 *Atl. Rep.* (*2d*) 189. That burden has been met.

Neither the form of the judgment itself nor that of the complaint is finally determinative. *Freedman* v. *Cooper (supra)*. The record may be resorted to in order to determine the primary nature and real foundation of the cause of action upon which the judgment is based, *i. e.*, the liability is based. *Ehnes* v. *Generazzo (Essex County Court of Common Pleas*, 1941), 19 *N. J. Mis. R.* 393 (at *p.* 394); 20 *Atl. Rep.* (*2d*) 513, citing *Paterson* v. *Smith*, 72 *Vt.* 288; 47 *Atl. Rep.* 1088.

The cause of action contains two counts. The first count sounds in contract upon negotiable instruments; namely three checks of which the defendant was the maker and the plaintiff the payee, dated May 18th, 1937, for $500, May 21st, 1927, for $400, and May 23d, 1927, for $452, respectively. The second count sounds in tort whereby the plaintiff sustained damages as the result of the obtaining of property of the plaintiff by the defendant, by means of false pretenses or false representations, namely, the delivery by the plaintiff as pledgee of certain commercial paper originally owned by the defendant, and which had been pledged with the plaintiff as security for money advanced by the plaintiff to the defendant, represented by the checks referred to in the first count of the complaint. Such commercial paper was collected by the defendant and the proceeds retained by the defendant, to the damage of the plaintiff.

No defense was entered to the cause of action, and judgment was taken by default and damages assessed. An examination of the record of the Atlantic County Circuit Court clerk offered in support of the opposition to the motion discloses the affidavit of the plaintiff filed in the application for judgment and it is therein set forth at length the details of the transaction between the plaintiff and defendant and the admission of the defendant of the disposition by him of the commercial paper and the conversion of the proceeds thereof to his own use.

The judgment is general in nature against the defendant, based on the default of the defendant to answer the allegations with which he was confronted, and the resort to the record establishes that there existed a liability within the meaning of the Bankruptcy Act, for obtaining property by false pretenses or false representations. In such a situation the bankrupt is deprived of the beneficent discharge of the debt and its imprint remains upon the defendant.

An appropriate rule may be presented.